## James McChristal *vs.* Clarence E. Clisbee.

Suffolk.    November 15, 1905. — January 3, 1906.

Present: Knowlton, C. J., Morton, Hammond, Loring, & Sheldon, JJ.

*Bankruptcy. Practice, Civil,* Verdict. *Judgment. Words,* "Wilful and malicious."

Where a discharge in bankruptcy is set up as a bar to an execution, and it appears
from the record that the judgment on which the execution issued was entered
upon a general verdict on a declaration containing several counts, one of which
stated a cause of action that would be released by a discharge in bankruptcy
while the other counts did not, *whether* evidence might not be received of the
proceedings at the trial to determine, if possible, on which count the verdict
was rendered, *quære.*

In the provisions of the bankruptcy act of 1898, § 17, cl. 2, excepting from release
by a discharge in bankruptcy liabilities "for wilful and malicious injuries to the
person or property of another" the words "wilful and malicious" have their
ordinary legal meaning describing an intentional disregard of duty.

An execution issued on a judgment entered upon a general verdict, which found
the defendant liable on a declaration containing a count for assault and battery,
a count for false imprisonment and a count for malicious prosecution, is not
barred by a discharge under the bankruptcy act of 1898, as all of these lia-
bilities are excepted from the operation of a discharge in bankruptcy by § 17,
cl. 2, of the act.

CONTRACT against a surety upon a poor debtor's recognizance,
as stated in the opinion.   Writ dated September 26, 1902.

At the trial in the Superior Court before *Fox,* J. it appeared
that there was a breach of the recognizance, that the execution
on which the poor debtor was arrested issued on a judgment in
an action brought by the plaintiff described in the second para-
graph of the opinion, that on January 30, 1901, after the re-
covery of this judgment against him and before his arrest, the
poor debtor was discharged in bankruptcy under the bankruptcy
act of 1898, that the judgment debt was scheduled in the bank-
ruptcy proceedings, and that the plaintiff although he had due
notice of the proceedings did not prove his claim.

At the close of the evidence the judge ordered a verdict for
the plaintiff; and the defendant alleged exceptions.

*S. R. Cutler,* for the defendant.

*C. F. Smith,* for the plaintiff.

KNOWLTON, C. J.   This is an action against a surety upon a recognizance given by a debtor arrested on execution.   The condition of the recognizance is to deliver himself up for examination before a magistrate, within thirty days of the arrest.   There was a breach of the recognizance, and the only defence relied upon is, that the judgment upon which the execution was issued was rendered unenforceable by a discharge in bankruptcy granted to the debtor before the arrest.

The declaration in the action in which the judgment was rendered contained three counts, in the common form, one for an assault and battery, one for false imprisonment, and one for a malicious prosecution.   There was a general verdict for the plaintiff and judgment was entered on the verdict.

The judgment is conclusive upon the debtor as to the facts necessarily involved in the verdict.   Under our practice, where a general verdict for a plaintiff is returned upon a declaration containing several counts, instead of a separate verdict on each count, it is impossible to tell from the record upon which of the counts the finding is made, or whether it is made upon all of them.   If one of the counts is for a cause of action that would be released by a discharge in bankruptcy, it may be that evidence might be received of the proceedings at the trial, in order to determine, if possible, on which count the verdict was rendered.   But if all of the counts are for liabilities which are not affected by a discharge in bankruptcy, there is no occasion for such an inquiry.

The offer of the defendant in this case to show that, in all the matters referred to in the declaration in the original action, the debtor acted in good faith and without express malice, was rightly refused.   It was not open to him to contradict the record, and it is immaterial on which count the verdict was found, or whether it was found on all the counts; for each of them alleges a wilful and malicious injury to the person of the plaintiff. Judgments in actions for wilful and malicious injuries to the person or property of another are excepted from the provable debts from which a bankrupt is released by a discharge.   U. S. St. 1898, c. 541, § 17.   There cannot be an assault and battery, or a false imprisonment, or a malicious prosecution, without a wilful injury of the person upon whom the wrong is

inflicted.   The word "wilful" in the statute means nothing more than intentional.

The defendant contends that the word "malicious" is not used here in its ordinary legal sense, and that it means a wicked, malevolent desire to do another an injury for the sake of the suffering that it will cause him.   Such a feeling is commonly called express malice, while the malice here intended is nothing more than that disregard of duty which is involved in the intentional doing of a wilful act to the injury of another.   Each of the wrongs charged in the different counts of the declaration is malicious in law.

The meaning of the statute in question has been considered by different courts, and interpreted in accordance with the views above stated.   In *Leicester* v. *Hoadley*, 66 Kans. 172, (9 Am. Bankr. Rep. 318,) a judgment for damages for alienating the affections of the plaintiff's husband was held to be unaffected by a discharge in bankruptcy.   In *In re Maples*, 105 Fed. Rep. 919, the judgment under a local statute was for damages for the seduction of the female plaintiff, and it remained in force notwithstanding the discharge of the defendant in bankruptcy.   The judgment in *In re Freche*, 109 Fed. Rep. 620, was in favor of a father for the seduction of his daughter.   *Distler* v. *McCauley*, 6 Am. Bankr. Rep. 491, was an action upon a judgment for damages for a breach of promise of marriage, accompanied by seduction and the birth of a child.   In all of these cases it was held that the judgment was for a wilful and malicious injury to the person of another, and was within the exception in the statute. In *McDonald* v. *Brown*, 23 R. I. 546, it was held that a bankrupt was not released by his discharge in bankruptcy from a judgment giving damages for a libel, and in *In re Colaluca*, 133 Fed. Rep. 255, a judgment for an assault and battery was decided to be within the exception.   The case of *Colwell* v. *Tinker* was decided first by the Supreme Court and afterward by the Court of Appeals in New York, and then by the Supreme Court of the United States.   *Colwell* v. *Tinker*, 6 Am. Bankr. Rep. 434; 169 N. Y. 531; 193 U. S. 473.   The judgment was for damages to a husband for criminal conversation with his wife.   It was decided by all the courts that such a judgment was not affected by a discharge of the defendant in bankruptcy, and the statute

was carefully considered by the Supreme Court of the United States, and given a construction adverse to the positions taken by the defendant in the present case.

Giving the language of the statute its natural meaning, and applying the rules stated in the cases referred to, it seems plain that, whether the judgment in the present case was founded upon an assault and battery, a false imprisonment or a malicious prosecution, it remains in full force, notwithstanding the debtor's discharge in bankruptcy.

*Exceptions overruled.*