JOHNSTON v. BRUCKHEIMER.

(Supreme Court, Appellate Term. May 7, 1909.)

BANKRUPTCY (§ 424*)—DISCHARGE—"WILLFUL AND MALICIOUS INJURIES"—
JUDGMENT FOR FALSE IMPRISONMENT.

Bankr. Act July 1, 1898, c. 541, § 17, subd. 2, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), provides for the discharge of a bankrupt from his debts, except such as are for "willful and malicious injuries," which are not affected by the discharge. Held, that "willful and malicious," as so used, did not restrict the exemption to claims for injuries malicious in fact, but meant nothing more than an injury intentionally inflicted, and hence a recovery for false imprisonment was not discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 787; Dec. Dig. § 424.*]

Gildersleeve, P. J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Tessie Johnston against Albert Bruckheimer. From an order of the City Court, denying defendant's motion to restrain plaintiff from examining defendant in supplementary proceedings, he appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis B. Eppstein, for appellant.

Jellenik & Stern (Nathan D. Stern, of counsel), for respondent.

GOFF, J.  This is an appeal from an order denying judgment debtor's motion to restrain his examination in supplementary proceedings by judgment creditor on the ground that the judgment was not for "willful and malicious injuries," and so was released by his discharge in bankruptcy.  The gist of the appeal lies in the force to be given to the words above quoted from section 17, subd. 2, of the United States bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]).

Plaintiff's complaint alleged that "the defendants, without any warrant or pretense of legal process, caused the arrest of the plaintiff by two police officers, * * *" who took her through the streets half a mile to a station house, and from there a mile and a half to another station house; "that the defendants at said last-named place then and there caused a false charge to be made against the plaintiff, to wit, that she was guilty of a felony, known as grand larceny, and without any reasonable cause and without any right or authority so to do;" that she was detained with her child overnight, and that the next morning defendants appeared and said they had learned of her innocence, so she was discharged.  Plaintiff recovered judgment, and soon after defendant went into voluntary bankruptcy and was subsequently discharged.  Plaintiff's claim was the only one proved.

Defendant contends that malice is not an essential element in false imprisonment, as it is in malicious prosecution, and, as malice was not alleged in terms in the complaint, it is not an element in this action, and that this, therefore, is not one excepted by section 17.  The fallacy with that reasoning is that the words are used in many varying degrees in different connections, and the authorities indicate that in the bankruptcy act it includes any intentional injury to another, such as that alleged in the complaint.  Appellant asserts that the judge below based his decision on a superficial reading of the case of McChristal v. Clisbee, 190 Mass. 120, 76 N. E. 511, 3 L. R. A. (N. S.) 702.  Defendant distinguishes it by saying that, in each of the three counts there, willfulness and malice was alleged.  Even though the cases may differ in that respect, Chief Justice Knowlton defines for us the words as used in the act thus:

"There cannot be an assault and battery, or a false imprisonment, without a willful injury of the person upon whom the wrong is inflicted.  The word 'willful' in the statute means nothing more than intentional.  The defendant contends that the word 'malicious' is not used here in its ordinary legal sense, and that it means a wicked, malevolent desire to do another an injury for the sake of the suffering that it will cause him.  Such a feeling is commonly called 'express malice,' while the malice here intended is nothing more than that disregard of duty which is involved in the intentional doing of a willful act to the injury of another.  Each of the wrongs charged in the different counts of the declaration is malicious in law.  The meaning of the statute in question has been considered by different courts and interpreted in accordance with the views above expressed."

See cases cited in opinion.

The intent of the act seems to include such a state of facts as that shown in the complaint, and the defendant should not be allowed to escape his obligations. Only those judgments sounding in debt are discharged by the act.

Order affirmed, with $10 costs and disbursements, with leave to appeal to the Appellate Division.

DAYTON, J. (concurring). The complaint in substance alleges that defendant caused plaintiff's arrest without warrant or pretense of legal process upon a false charge, to wit, grand larceny, without reasonable cause. Plaintiff had judgment April 29, 1907. About a year later defendant was discharged in bankruptcy. On May 23, 1908, an order for defendant's examination in supplementary proceedings was issued. Defendant moved to vacate said order on the ground of said discharge, which motion was denied, and defendant appeals.

Section 17 of the bankruptcy act prohibits a release from claims "for willful or malicious injury to the person or property of another." Appellant's contention is that, as the complaint in this action did not expressly allege the arrest to have been "willful or malicious," defendant does not come within said prohibition and is relieved from the judgment herein. Plaintiff's unlawful arrest without reasonable (probable) cause is alleged. Malice may be inferred from want of probable cause. The deliberate (willful) arrest and imprisonment complained of, without probable cause, brings to the mind with inductive certainty defendant's malicious disregard of plaintiff's right to liberty. The reasoning in Kavanaugh v. McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987, Cochrane, J., writing for a unanimous court in an exhaustive review, is, in my opinion, decisive of the question here.

The order should be affirmed, with $10 costs and disbursements.

GILDERSLEEVE, P. J. (dissenting). The judgment, which constitutes the indebtedness it is claimed by the respondent was not discharged in bankruptcy proceedings, was obtained in an action for false imprisonment. The complaint in the action contained no allegation of malice or willfulness. No such allegation is essential in an action for false imprisonment. They are material only as the basis for exemplary damages. "Malice is not a necessary element to the constitution of the offense of false imprisonment, and is material only as affecting the measure of damages, whether punitive or compensatory." 12 A. & E. Ency. of Law (2d Ed.) 726. From the making of a false charge without reasonable cause it does not necessarily follow that the act was committed in bad faith or maliciously. Because the act of the defendant in causing plaintiff's arrest was not alleged in the complaint to be willful and malicious, I think the judgment obtained is not a liability for willful and malicious injuries to plaintiff's person, within the meaning of section 17 of the bankruptcy act.

It follows that the order herein appealed from should be reversed, and the motion to restrain the judgment creditor from examining the judgment debtor in proceedings supplementary to the execution in this case be granted, with $10 costs to the appellant.