## In re CONROY.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 60.

BANKRUPTCY ⬦424—DISCHARGE—DEBTS DISCHARGED.

A judgment for damages, based on a willful and malicious assault inflicted by the bankrupt on the person of plaintiff, is not discharged by the adjudication in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 818; Dec. Dig. ⬦424.]

Petition to Revise Order of District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of John Conroy. Petition by the bankrupt to revise an order vacating an order restraining James E. Connolly from continuing supplementary proceedings on a judgment recovered in the state court. Affirmed.

Franklin Bien, of New York City, for petitioner.
W. S. Evans, of New York City, for respondent.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. This matter comes here on appeal from an order of the United States District Court for the Southern District of New York, which vacated an order restraining James E. Connolly from continuing supplementary proceedings granted by the Supreme Court of New York in an action in which the plaintiff, Connolly, obtained a judgment against the bankrupt for $2,653.85. The judgment was obtained prior to the filing of the petition in bankruptcy, and is for damages sustained by the plaintiff by reason of a willful and malicious assault made upon him by the bankrupt.

The question here presented is whether a party holding such a judgment may proceed to enforce it in the court in which it was obtained upon the ground that the action was to recover damages occasioned by a malicious and willful injury and is not a claim that can be discharged in bankruptcy. There can be no doubt as to the character of the action in the state court. It was brought to recover damages for a malicious assault and injury inflicted by the bankrupt upon the person of the plaintiff. It is, we think, well settled that such a judgment is not discharged in bankruptcy. The question is discussed and decided in Thompson v. Judy, 169 Fed. 553, 95 C. C. A. 51, and, as we agree with the conclusion there reached, we consider further discussion unnecessary.

The order appealed from is affirmed, with costs.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes