**In re WERNECKE.**

No. 18673.

District Court, W. D. New York.

Sept. 12, 1932.

J. Lester Kinney, of Buffalo, N. Y., for bankrupt.

Philip J. Snyder, of Buffalo, N. Y. (J. C. Randal, of Buffalo, N. Y., of counsel), for creditor.

KNIGHT, District Judge.

The objecting creditor obtained a judgment against the bankrupt as the result of an assault. He now desires to prevent a discharge of the judgment debt on the ground that it falls within section 17(2) of the Bankruptcy Act (11 USCA § 35(2), and therefore is not dischargeable. This section provides that a discharge shall release a bankrupt from all of his provable debts except such as are liabilities for obtaining property by false pretenses or representations, or for willful and malicious injuries to the person or property of another.

The bankrupt contends that the jury found that there was no willfulness or maliciousness in the assault because after a charge by the court that they might find compensatory damages and that if malice was found punitive damages could also be awarded, they found compensatory damages only. This, it is urged, is a determination that there was no malice and estops the bankruptcy court to determine for itself whether or not the act was willful and malicious.

The creditor avers that under the court's charge to the jury no damages could have been awarded unless more force was used than was necessary, and that the verdict therefore showed a willful and malicious act under the decisions holding that under the Bankruptcy Law such an act does not necessarily involve hatred or ill will as a state of mind, but arises from a wrongful act done intentionally without just cause or excuse. Tinker v. Colwell, 193 U. S. 138, 24 S. Ct. 505, 508, 48 L. Ed. 754; Peters v. U. S. (C. C. A.) 177 F. 885; In re Dixon (D. C.) 21 F.(2d) 565; In re Dutkiewicz (D. C.) 27 F. (2d) 334.

By its verdict the jury found that an unlawful assault had been made; otherwise no verdict for the plaintiff could have been sustained. The verdict for plaintiff means that the now bankrupt struck the present creditor herein about the body. The verdict means that the assault was made willfully—with the will to do. It means that the assault was made with the intent to injure, because the law presumes that one intends the ordinary results of his acts. "Maliciously," in the sense in which that word is used in the Bankruptcy Act, does not mean that one must have some special feeling of ill will. It means the consciously doing something which one knows or should know to be unlawful. 38 C. J. 354, and cases cited; In re Maples (D. C.) 105 F. 919; McClellan v. Schmidt (D. C.) 235 F. 986. "Willful and malicious" injury, in the Bankruptcy Act and everywhere in law, does not necessarily involve hatred or ill will as a state of mind, but arises from "a wrongful act, done intentionally, without just cause or excuse." Tinker v. Colwell, supra. As pointed out by the trial court, punitive damages are in the nature of an added penalty. They were not awarded here. Had facts been shown sufficient to establish "express malice," ill feeling directed toward the particular individual apart from the act being done by him, punitive damages would properly have been given.

Bankrupt lays stress on the case of In re Burchfield (D. C.) 31 F.(2d) 118, in which a jury had found specifically that the defendant had received more than he was entitled to but that he had not obtained it by fraud and deceit. The court held that the finding negatived any willfulness and maliciousness. In the case at hand there was no such stated finding on which to base a decision.

The act on which the judgment is based falls within the above-mentioned definition of a "willful and malicious" act, and consequently the judgment debt is not dischargeable.