### In re PACER.

### No. 20679.

District Court, W. D. New York.

Dec. 22, 1933.

William J. Driscoll, of Buffalo, N. Y., for bankrupt.

Winton Henry Church, of Buffalo, N. Y., for judgment creditor.

KNIGHT, District Judge.

In 1912 a judgment was taken against Andrew Pacer by one Stanley Messier. This judgment was subsequently assigned to Ella Wilhelm, who, in 1923, brought a new action on the judgment. Execution was issued on the judgment recovered in this action. Pacer, having filed a voluntary petition in bankruptcy, moves for an order to restrain levy of execution until his discharge is granted or refused, or the time in which he may apply therefor has expired.

It is bankrupt's contention that the judgment is dischargeable in bankruptcy on the ground that a cause of action on a judgment is a cause of action on contract. Bankrupt also sets up that no tort was committed against the present holder of the judgment, Ella Wilhelm. A further contention is that the question of a discharge cannot be determined on motion, but that the question should be determined by reference to a referee in bankruptcy and that proceedings should be stayed pending this determination.

The schedule of indebtedness filed by the

440

bankrupt shows that the original cause of action was for assault. The creditor points out that a judgment based on a cause of action for assault and battery is not affected by a discharge in bankruptcy, being classed as a liability for willful and malicious injury to another under section 17a (2) of the Bankruptcy Act, 11 USCA § 35 (2), and that the renewal of the judgment does not change the character of the original debt.

A restraining order of this nature may be granted provided the debt involved is one which is dischargeable. If it is not dischargeable the execution is not to be interfered with. In re Scheffler (D. C.) 1 F. Supp. 582; In re Lusch (D. C.) 251 F. 316; In re Kalk (D. C.) 270 F. 627. No issue as to the right of the bankrupt to a discharge is raised, except incidentally by reason of the fact that this debt alone was scheduled by the bankrupt.

Section 17 of the Bankruptcy Act provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * are liabilities * * * for willful and malicious injuries to the person or property of another." That a judgment for assault and battery is one for a willful and malicious injury has been adjudged many times. Tinker v. Colwell, 193 U. S. 473, 24 S. Ct. 505, 48 L. Ed. 754; In re Conroy (C. C. A.) 237 F. 817; Peters v. U. S. (C. C. A.) 177 F. 885; In re Colaluca (D. C.) 133 F. 255; In re Wernecke (D. C.) 1 F. Supp. 127.

Bankrupt's argument is based on the contention that a cause of action on a judgment is a cause of action on contract. This may be so for some purposes, such as to secure to the holder of a judgment rendered in a cause of action in tort, the right to provisional remedies. Gutta-Percha & Rubber Manuf'g Co. v. Mayor, etc., 108 N. Y. 276, 15 N. E. 402, 403, 2 Am. St. Rep. 412. The court there stated that the authorities "recognize the implied obligation of every judgment debtor to pay the judgment and that, for the purpose of actions and remedies upon them, they are to be treated as contracts." The court prefaced its remarks by the statement, "A judgment is not for all purposes and under all circumstances to be treated as a contract, and yet it has frequently been so treated," thus recognizing the limited operation of the rule. In the present case the question is as to how to treat a judgment for the purpose of deciding whether or not a judgment taken thereon is dischargeable in bankruptcy.

In determining the dischargeability of a liability it is well settled that reduction to judgment does not change the character of the liability. Tinker v. Colwell, 193 U. S. 473, 24 S. Ct. 505, 48 L. Ed. 754; Peters v. U. S. (C. C. A.) 177 F. 885; In re Wernecke (D. C.) 1 F. Supp. 127. Thus, within the contemplation of the Bankruptcy Act, a judgment for assault, being one for willful and malicious injury, remains a liability for willful and malicious injury, and a new judgment taken on that liability is also a liability for willful and malicious injury. The merger of the cause of action in the original judgment does not change the character of the obligation, so that a subsequent judgment rendered thereon is dischargeable. Consequently as to this debt the bankrupt is not entitled to a discharge.

I know of no authority, nor has any been cited, nor any reason advanced, why an assignment of such a judgment should affect the character of the liability of the bankrupt, and on the same line of reasoning above set forth it is clear that the judgment is not made dischargeable by reason of the fact that an assignment was made.

The motion is dismissed.