TYTAR *v.* HORBAL.

1. Bankruptcy—Discharge—Assault and Battery.

Judgment for plaintiff in action arising out of alleged assault and battery *held,* based upon wilful and malicious injuries to his person within meaning of clause excepting such debt from release by discharge in bankruptcy (Bankruptcy Act, § 17 [11 USCA, § 35]).

2. Same—Wilful and Malicious Injury—Intent.

Wilful and malicious injury, as used in clause excepting debts based thereon from release by discharge in bankruptcy, does not necessarily involve a special malice but arises from a wrongful act, done intentionally, without just cause or excuse (Bankruptcy Act, § 17 [11 USCA, § 35]).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 16, 1936. (Docket No. 83, Calendar No. 38,457.) Decided March 2, 1936.

Garnishment by Theodore F. Tytar against Alex Horbal, principal defendant, and Chevrolet Motor Company, garnishee defendant. On motion to dismiss because of principal defendant's discharge in bankruptcy. Writ dismissed. Plaintiff appeals. Reversed.

*John Panchuk,* for plaintiff.

*Joseph Charnoske,* for defendant.

Toy, J. On October 26, 1932, plaintiff secured a judgment for $500 against the defendant in circuit court, in an action to recover damages for personal injuries suffered by reason of an assault and battery made upon him by defendant. In November, of the same year, defendant filed a petition in bankruptcy,

scheduling the aforesaid judgment as one of his debts and obligations, and was thereafter duly adjudicated and discharged in bankruptcy.

On February 2, 1934, the plaintiff had a writ of garnishment issued against the Chevrolet Motor Company, as garnishee defendant, based on the afore-mentioned judgment. Motion was made by defendant herein to dismiss the writ of garnishment, on the ground that "by reason of said adjudication in bankruptcy, plaintiff's claim was fully and completely adjudicated in the bankruptcy proceeding and the defendant, Alex Horbal, relieved from liability thereunder." After a hearing on said motion, the circuit court entered its order dissolving the writ of garnishment, stating—"that the pleadings, in this case, do not show cause of action as wilful and malicious injuries to the person of the plaintiff, and that said judgment was discharged by the bankruptcy court, and does not come within the exceptions of section 17 of the bankruptcy act." From this order plaintiff appeals.

The declaration of the plaintiff charged that the defendant, at the time and place therein mentioned, "made an assault and attack upon the plaintiff and did then and there without provocation, strike, knock down, beat and beat with a hammer the said plaintiff in and about the head and shoulders, and did then and there without provocation kick the said plaintiff in and about the head and body."

The declaration further alleged that because of the assault plaintiff was removed to the Receiving Hospital, in Detroit, where he lay unconscious for several days; that he suffered deep cuts and lacerations of the head and scalp, by reason of having been struck by a hammer in the hands of defendant, and that such injuries to his scalp necessitated 14

sutures being taken therein; and that he suffered a fracture of the skull, concussion of the brain and other injuries.

Plaintiff alleged further that as a result of such assault he was confined to the afore-mentioned hospital from June 16th to July 3, 1930, and thereafter was confined to his bed at his home for about three weeks.

Defendant pleaded the general issue and alleged, as a special defense, that any assault made by him upon the plaintiff was justified and done in protection of himself and of his wife. Testimony was taken, and the court submitted the case to the jury on the issues above framed, charging them, in effect, that if they found that the assault was committed as alleged by the plaintiff they should find for him, and that if they found that the defendant caused the injuries to the plaintiff in defending himself or his wife they should find for defendant. The jury found for the plaintiff.

Section 17 of the bankruptcy act, being 11 USCA, § 35, reads, in part, as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations, or *for wilful and malicious injuries to the person or property of another.*"

Was the judgment for plaintiff based upon wilful and malicious injuries to his person? We must answer in the affirmative.

In *Peters v. United States, ex rel. Kelley,* 101 C. C. A. 99 (177 Fed. 885, 888), the court said:

" 'Wilful and malicious injury,' in the bankruptcy act and everywhere in the law, does not necessarily involve hatred or ill-will as a state of mind,

but arises from 'a wrongful act, done intentionally, without just cause or excuse.' 'In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained.' *Tinker* v. *Colwell,* 193 U. S. 473, 485 (24 Sup. Ct. 505)."

See *Probst* v. *Jones,* 262 Mich. 678.

In passing on the very question here involved the court in the case of *McChristal* v. *Clisbee,* 190 Mass. 120 (76 N. E. 511, 3 L. R. A. [N. S.] 702, 5 Ann. Cas. 769), said:

"Judgments in actions for wilful and malicious injuries to the person or property of another are excepted from the provable debts from which a bankrupt is released by a discharge (citing bankruptcy act). There cannot be an assault and battery, * * * without a wilful injury of the person upon whom the wrong is inflicted. The word 'wilful' in the statute means nothing more than intentional."

The cases consistently hold that a judgment for injury occasioned by an assault and battery is not released by a discharge in bankruptcy. *In re Munro,* 195 Fed. 817; *In re Conroy* (C. C. A.), 237 Fed. 817; *In re Wernecke,* 1 Fed. Supp. 127; *In re Pacer,* 5 Fed. Supp. 439.

Under the above authorities it seems plain that the judgment in the present case remains in full force, notwithstanding the defendant's adjudication and discharge in bankruptcy.

The order of the circuit court is reversed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.