Paul Gorczyca, Appellant, v. Frank Stanoch, Appellee.

Gen. No. 41,432.

Opinion filed January 22, 1941.

HEALY & REID, of Chicago, for appellant.

BENJAMIN H. VANDERVELD, of Chicago, for appellee.

Mr. Justice Burke delivered the opinion of the court.

On June 29, 1927, plaintiff Paul Gorczyca filed a declaration in the circuit court of Cook county and therein charged that on May 4, 1927, defendant Frank Stanoch assaulted him with great force and violence and with a certain instrument as well as with his hands, by means of which plaintiff was greatly hurt, bruised and wounded. Defendant filed a plea of the general issue. The case came on for trial on November 10, 1933. The cause was submitted to and heard by the court without a jury in an *ex parte* proceeding. The court found the defendant guilty, assessed plaintiff's damages at the sum of $1,500 and entered judgment on the verdict. On August 14, 1939, an alias execution was issued. It was filed in the clerk's office on August 21, 1939, with a "nulla bona" return. On August 25, 1939, a garnishment demand directed to the defendant and Swift & Company, his employer, showing due service and an affidavit for garnishment, were filed. In response to the garnishment summons the garnishee, Swift & Company answered that on August 26, 1939, the day the writ was served, it was not indebted to the defendant in any amount except the sum of $26.20 over and above the sums representing wages due defendant, which were then exempt by law. Defendant then filed a voluntary petition in bankruptcy, in the federal district court for the northern district of Illinois, eastern division, listing the judgment as a liability and asked that plaintiff be enjoined from continuing with the garnishment proceedings. Plaintiff filed his sworn answer in the federal court in which he set out that the judgment was entered for wilful and malicious injuries to his person and, therefore, was not a debt dischargeable in bankruptcy. On January 5, 1940, defendant filed an intervening complaint in the circuit court in which he averred that he filed a petition in bankruptcy in the federal district court at Chicago, that he was duly

adjudicated a bankrupt, that he scheduled the judgment as an indebtedness, that the adjudication was a complete discharge to the judgment, and asked that his petition stand as an answer to the garnishment proceedings  Plaintiff answered the intervening complaint, stating that Judge PHILIP SULLIVAN, to whom the bankruptcy proceeding was assigned, requested briefs on the question raised before him by the petition for a restraining order and the answer of plaintiff herein; that the briefs were submitted, and that on November 16, 1939, Judge SULLIVAN ruled that the judgment was not a debt dischargeable in bankruptcy, and denied the bankrupt's motion for a restraining order.  Plaintiff concluded his answer by declaring that the order entered in the federal district court on November 16, 1939, constituted a determination of the issues involved in the circuit court, and asked that the intervening complaint be dismissed. Defendant did not reply to the answer.  He therefore admits the truth of the affirmative averments of the answer.  While the matter was pending in the circuit court, other and further demands were served on the defendant and his employer, which demands, with proof of service and affidavits for garnishment, were filed.  Because of the pendency of the issue presented by the first garnishment proceeding, the court ordered that the time for the garnishee to file answers to the interrogatories accompanying the various garnishment summonses, be extended until 10 days after the ruling on the intervening complaint filed by the defendant.  On March 5, 1940, the court, without hearing testimony, entered an order discharging the garnishee, Swift & Company.  There was no dispute as to the facts.  This appeal is prosecuted to review the action of the court in discharging the garnishee.

Section 17 of the Federal Bankruptcy Act provides that a discharge in bankruptcy ''shall release a bankrupt from all of his provable debts, whether allowable

in full or in part except such as . . . are liabilities for obtaining money or property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another. . . . " It is well established that a judgment for an assault and battery necessarily involves a wilful and malicious injury and that malice is the gist of such action. The declaration alleged solely an assault and battery on the person of plaintiff. Defendant maintains that the judgment is dischargeable in bankruptcy, and quotes from *In re Mirkus,* 289 Fed. 732, that "the bankruptcy court alone has the power to grant a discharge, but the effect of a discharge is matter for the consideration of any court to which it may be presented as a defense or otherwise." Defendant also asserts that "whether or not bankruptcy discharges the debt in question, is decided primarily by the answer to the question as to whether or not the debt is a provable debt in bankruptcy." Plaintiff replies by admitting that the debt was one provable in bankruptcy, but insists that it does not follow that provable debts are dischargeable in bankruptcy. Defendant also supports his argument by citing *Ingalls v. Raklios,* 373 Ill. 404, and *Peiffer v. French,* 306 Ill. App. 326. These cases have no bearing on the proposition under discussion. They did not involve a consideration of section 17 of the Federal Bankruptcy Act. They involved a construction of the amendment to section 5 of the Judgments, Decrees and Executions Act of Illinois, which amendment was adopted in 1935. The judgment in the instant case was entered on November 10, 1933. Furthermore, the plaintiff is not in the instant proceeding attempting to enforce a *capias ad satisfaciendum.* We are convinced that judgment in the instant case, being for a wilful and malicious injury to the person of the plaintiff, is not dischargeable in bankruptcy.

Plaintiff also argues that the decision of the federal court that the judgment is not dischargeable in bank-

ruptcy, is *res judicata* on the question of dischargeability and was binding on the trial court. The defendant filed his petition in bankruptcy and asked the federal court to restrain the plaintiff from enforcing his judgment. Plaintiff answered and joined issue. The question presented to Judge PHILIP SULLIVAN was precisely the same as is now presented to us. After considering the briefs filed by the respective parties, Judge SULLIVAN ruled that the judgment was not dischargeable and accordingly denied defendant's motion for a restraining order. The federal court had jurisdiction of the subject matter and of the parties, and the ruling of that court was *res judicata* on the same proposition between the same parties when presented to the trial court. *Stoll v. Gottlieb,* 305 U. S. 165; *Strobl v. Zidek,* 304 Ill. App. 385.

Because of the views expressed, the order entered by the circuit court of Cook county on March 5, 1940, discharging Swift & Company as garnishee, is reversed and the cause is remanded with directions to enter judgment in favor of the plaintiff on the answer filed by Swift & Company, and for further proceedings not inconsistent herewith.

*Reversed and remanded with directions.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.