Levite T. Thibodeau *vs.* Frank Martin.

Aroostook.   Opinion, January 12, 1944.

*John O. Rogers,*

*Arthur J. Nadeau,* for the plaintiff.

*W. P. Hamilton,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J. In this action of debt on a judgment, although a plea of the general issue with a brief statement alleging a discharge in bankruptcy was filed, a recovery was allowed and exceptions were reserved.

In the case in which the judgment was rendered the declaration alleged an assault and battery in which the defendant threw the plaintiff upon the ground and there struck and kicked him inflicting serious bodily injuries which the defendant by his plea denied but did not justify. A general verdict for substantial compensatory damages was returned, judgment was entered on the verdict and execution issued. The defendant then went into bankruptcy and received his discharge. In this suit on the judgment, upon the record of the assault and battery case, not including the evidence but supplemented by a certificate of the debtor's discharge in bankruptcy, the trial judge, sitting without a jury, ruled that the judgment was not released by the discharge and no other defense being offered the creditor was entitled to prevail. In this there was no error.

Liabilities for wilful and malicious injuries to the person or

property of another are excepted from the provable debts from which a bankrupt is released by a discharge. Bankruptcy Act July 1, 1898, c. 541 § 17 (2), 30 Stat., 550; 11 U. S. C. A., § 35 (2). Wilful as used in the statute means nothing more than intentional and the malice necessary to bring a liability within the exception need only be that which the law implies in the intentional doing of a wrongful act to the injury of another without just cause or excuse. Actual ill will or malevolence is not necessarily involved and proof of special or actual malice is not required. *Tinker* v. *Colwell*, 193 U. S., 473, 24 S. Ct., 505, 48 Law. Ed., 754; *Peters* v. *U. S.*, 177 Fed., 885; *Rogers* v. *Doody*, 119 Conn., 532, 178 A., 51; *McChristal* v. *Clisbee*, 190 Mass., 120, 76 N. E., 511, 3 L. R. A. N. S., 702, 5 Ann. Cas., 769; *Nunn* v. *Drieborg*, 235 Mich., 383, 209 N. W., 89; *In re Deveraux*, 269 N. Y. S., 127, 150 Misc., 3371.

There cannot be an assault and battery without the intentional doing of a wrongful act and when, as here, actual and substantial injuries result and justification is lacking, by the clear weight of authority a judgment for the liability which arises is for a wilful and malicious injury to the person of another which is not released by a discharge in bankruptcy. *In re Conroy*, 237 Fed., 817; *In re Pacer*, 5 F. Supp., 439; *Peters* v. *U. S.*, 177 Fed., 885; *In re Wernecke*, 1 F. Supp., 127; *McChristal* v. *Clisbee*, 190 Mass., 120, 76 N. E., 511; *Gorczyca* v. *Stanoch*, 308 Ill., App., 235, 31 N. E. (2d), 403; *Tytar* v. *Horbal*, 274 Mich., 634, 265 N. W., 762; *Taylor* v. *Buser*, 167 N. Y. S., 887; *Remington on Bankruptcy*, § 3551; 4 *Am. Jur.*, 191.

In deciding whether the judgment in this case was released by the debtor's discharge in bankruptcy it was not error for the trial judge to rely on the record presented and not examine the evidence in the original action. The precise and only issue there was whether the bankrupt had committed the assault and battery alleged. There was no ambiguity as to the cause of action nor doubt as to the issue necessarily involved and actually decided. On that issue the judgment was conclusive. *Peters* v.

*U. S.*, supra; *McChristal* v. *Clisbee*, supra; see *Davis* v. *Davis*, 61 Me., 395, 398; *Walker* v. *Chase*, 53 Me., 258.

Nor was the decision below contrary to law because the jury, in the assault and battery case on which the judgment was based, failed to award exemplary damages. As already pointed out the exception in Section 17 (2) of the Bankruptcy Act includes a judgment for an assault and battery which is wilful and malicious within the accepted meaning of that provision and it is not confined to acts which would justify exemplary damages. *In re Franks*, 49 F. (2d) , 389; *In re Wernecke*, supra. The decision *In re De Lauro*, 1 F. Supp., 678, cited on the brief, is not in point and the facts and reasons advanced to support it have no counterparts here.

The judgment debtor takes nothing by the error in pleading of which he complains. Undoubtedly the strict rule of pleading required that a replication be filed after the defendant had pleaded his discharge in bankruptcy. *Kellog* v. *Kimball*, 135 Mass., 125. But on this record that irregularity not only must be treated as waived at the trial but having been objected to for the first time on this review cannot be deemed a ground of error. 18 *Encyc. Pl. & Pr.*, 650; 4 C. J. S., p. 528 n. 23, Sec. 272.

The exceptions presented must be overruled. So ordered.

*Exceptions overruled.*