N. W. Baumgarden, for Use of Reconstruction Finance Corporation, Appellant, v. American National Bank and Trust Company of Chicago, Successor Trustee, and N. W. Baumgarden, Appellees.

Gen. No. 42,902.

Heard in the first division of this court for the first district at the December term, 1943. Opinion filed April 3, 1944. Rehearing denied April 17, 1944.

LEE WALKER, M. O. HOEL and ELMER P. SCHAEFER, all of Chicago, for appellant.

LEDERER, LIVINGSTON, KAHN & ADSIT and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, all of Chicago, for appellee; SIGMUND LIVINGSTON, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The finance corporation recovered several judgments against N. W. Baumgarden, on which having failed to collect by execution it brought suit in gar-

nishment under chapter 62 of the Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 109.284 *et seq.*]. It caused the American National Bank and Trust Company to be summoned as garnishee. The garnishee was dismissed and plaintiff appeals.

There is no dispute as to the facts, all of which are settled by the pleadings. The garnishee three times answered that it had received and holds certain proceeds of trust funds for the benefit of the judgment debtor, Nathan Baumgarden, and that these trusts were created for his benefit under the will of his father, Bernard Baumgarden. The answers aver that since the funds are held as part of trusts of this kind, equitable in their nature, the funds are not subject to garnishment in defendant's hands. The last answer of the garnishee sets up the further defense that the matter is *res judicata* by reason of a decision of the United States Circuit Court of Appeals for the Seventh District, reported in 131 F. (2d) 741. It is contended by reason of this judgment and decision of the Circuit Court of Appeals that none of the funds in this trust can ever be garnisheed by this plaintiff to satisfy any liability from Nathan Baumgarden to the plaintiff, Reconstruction Finance Corporation.

There are two questions on this appeal, either of which is controlling. The first is whether by the proceedings described in 131 F. (2d) 741 the question here in issue has become *res judicata* between these parties in favor of the defendant. The second, argued from many standpoints and with numerous citations of authorities, is whether garnishment may be used under the Illinois Statute to appropriate proceeds of trust funds which have been allocated as income to the beneficiary of a trust, although the trust is not a spendthrift trust, so-called, and is subject to voluntary alienation, where the trust was created by someone other than the judgment debtor. We hold on this record the first question must be answered in the affirmative, the second in the negative.

The issue is *res judicata* by reason of the litigation between the parties in the United States courts, and irrespective of that decision plaintiff could not on the merits recover in the circuit court of Illinois.

While it is ordinarily true, as defendant points out, that the decision of a federal court interpreting a State statute is advisory only to the State court, there are facts here which decisively distinguish from the ordinary situation. Here the parties are identical. The issues also are identical. The cases are distinguishable only by the fact that the suit in the Federal court was based on a different judgment. There is no contention, however, that either judgment is not valid or that the judgments are different in their natures. Every point made now by the Reconstruction Finance Corporation in this court was made in said hearing of the aforesaid cause in the United States Circuit Court of Appeals and decided adversely to the contention of the Reconstruction Finance Corporation. An examination of the opinion rendered in the federal court shows that each and every one of these questions there argued received careful consideration. There are many decisions of this and other States holding under like circumstances that the law of *res judicata* is applicable. *Charles E. Harding Co. v. Harding,* 352 Ill. 417; *Wright v. Griffey,* 147 Ill. 496; *Tilley v. Bridges,* 105 Ill. 336; *Corczyca v. Stanoch,* 308 Ill. App. 235; Am. Jur., Vol. 30, § 178, p. 920.

We hold the federal judgment is a bar to the action here brought, and this seems to be conclusive. However, we think we should also say that we agree with the reasoning of the opinion of the Circuit Court of Appeals and the judgment rendered by it. Indeed, that opinion is quoted with apparent approval by our Supreme Court in *Dunham v. Kauffman,* 385 Ill. 79.

The judgment of the trial court will be affirmed.

*Affirmed.*

O'Connor, P. J., and Niemeyer, J., concur.