KITE *v.* HAMBLEN.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

Rehearing denied July 27, 1951.

DODSON & DODSON, of Kingsport, for plaintiff.

I. T. COLLINS, and MINTER, McLELLAN & TIPTON, all of Kingsport, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The only question presented on this appeal is whether a judgment in an action for assault and battery is a debt dischargeable under the U. S. Bankruptcy Act, which provides: ''A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . . except . . . (judgments in actions). . . for willful and malicious injuries to the person or property of another . . .'' U. S. C. A. Title 11, Sec. 35, sub. a(1).

The pertinent facts are these: Hamblen obtained a judgment for $2,500 as damages for an assault and battery committed upon him by Kite, in the Law Court of Kingsport. After the judgment was rendered but prior

to consideration of motion for new trial, Kite filed a voluntary petition in bankruptcy, and thereafter obtained a discharge from all debts and claims "except such debts as are exempt from the operation of a discharge in bankruptcy." The judgment creditor ran a garnishment on the wages of the judgment debtor. The Trial Judge upheld a plea of bankruptcy and res judicata, and Hamblen appealed. The Court of Appeals reversed and remanded the case for the following purpose: "We conclude that the learned judge erred in sustaining the pleas of res judicata and discharge in bankruptcy without considering the record in which the judgment was rendered, it appearing prima facie from the pleas and exhibits that the judgment was based upon a wilful and malicious assault and battery."

On this remand, the case was submitted to the Trial Judge on (1) the declaration in the action for assault and battery; (2) the special pleas of the Defendant; (3) the verdict of the jury; and (4) the final judgment; and after considering those pleadings and the technical record, the Trial Judge held that the judgment was not dischargeable in bankruptcy. Kite thereupon perfected an appeal to the Court of Appeals, and that Court upheld the Trial Judge. We granted certiorari, have heard argument and the case is before us for disposition.

█ While we adhere to the rule that the declaration filed is not evidence of the facts therein stated, *Jewett* v. *Graham,* 62 Tenn. 16, 18, nevertheless, it is evidence of the cause of action, and after the finality of the judgment, a presumption must be indulged that the judgment was within the scope of the pleadings, and so based on the cause of action stated in the declaration.

█ Since, under the cause of action stated in the declaration, the judgment was for damages for a wilful

646

assault and battery and its resulting damage to the person, we must conclude that the judgment was not dischargeable.

"There cannot be an assault and battery . . ., without a willful injury of the person upon whom the wrong is inflicted. The word 'willful' in the statute (Bankruptcy Act) means nothing more than intentional." *McChristal* v. *Clisbee,* 190 Mass. 120, 76 N. E. 511, 3 L. R. A., N. S., 702.

"'Wilful and malicious injury,' in the bankruptcy act and everywhere in the law, does not necessarily involve hatred or ill will as a state of mind, but arises from 'a wrongful act, done intentionally, without just cause or excuse.'" *Peters* v. *U. S. ex rel. Kelly,* 7 Cir., 177 F. 885, 887.

"In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained." *Tinker* v. *Colwell,* 193 U. S. 473, 485, 24 S. Ct. 505, 508, 48 L. Ed. 754.

In the present case, the declaration alleges an assault and battery which was a trespass *vi et armis* (striking plaintiff with fists). An indispensable element of the evidence necessary to support that cause of action is that the striking is wilful and intentional. Therefore, since the judgment is final and valid on its face, we must presume that the judgment was rendered on the cause of action stated in the declaration and on issues which were within the pleadings. Freeman on Judgments, 5th ed., Vol. I, pp. 738, 739.

Trespass is an intentional harm, and where there is no intentional act, in the sense of an act volun-

tarily done, there is no trespass. 52 Am. Jur., Trespass, Sec. 7, p. 840; Restatement of the Law of Torts, Vol. 1, Sec. 158, Comment "e". In the sense of a trespass to the person, the word "trespass" involves the idea of force, or the direct character of an injury, remediable at common law by the action of trespass *vi et armis,* and not the idea of injuries which are consequential, resulting, for instance, from negligence or nonfeasance, and remediable by the old action of trespass on the case. *Elmore* v. *Atlantic Coast Line Ry. Co.,* 191 N. C. 182, 131 S. E. 633, 43 A. L. R. 1072.

In the case of *In re De Lauro,* D. C., 1 F. Supp. 678, the declaration alleged that the assault was wilful and malicious, but the facts alleged showed that the injury to the Plaintiff, which resulted from the swinging of a club, might have been accidental, and it was held that on a general verdict there was no presumption that the swinging was wilful or malicious, since the judgment would have been valid on evidence of unintentional negligence.

Some other cases holding that judgments in cases of wilful assault are not dischargeable: *In re Munro,* D. C., 195 F. 817; *In re Conroy,* 2 Cir., 237 F. 817; *In re Wernecke,* D. C., 1 F. Supp. 127; *In re Pacer,* D. C., 5 F. Supp. 439.

We granted certiorari in the present case because the lower Courts apparently had difficulty in distinguishing our opinion in *Woelfle* v. *Giles,* 182 Tenn. 88, 184 S. W. (2d) 177. In the Giles case, the question of dischargeability was to be determined from a consideration of (1) a declaration which simply alleged conversion, and (2) a general judgment thereon. Actionable conversion may be either (1) wilful and malicious, i. e.,

voluntary and intentional, or (2) involuntary and unintentional. 53 Am. Jur., Trover and Conversion, Sec. 58, et seq. On the contrary, for a valid judgment to be rendered in an action in trespass *vi et armis*, there must be "wilful injury" to the person, *McChristal* v. *Clisbee*, 190 Mass. 120, 76 N. E. 511, 3 L. R. A., N. S., 702.

The judgment of the Court of Appeals is affirmed.
All concur.