SCALIA, Plaintiff, v. HAFNER et, Defendants.

Common Pleas Court, Lucas County.

No. 185612. Decided February 4, 1960.

For further history see *Omnibus Index* in bound volume.

MACELWANE, J. This is a suit for civil damages for assault and battery. Jury returned verdict awarding $1,200.00 compensatory damages and no exemplary damages against Daniel J. Hafner and Thomas Lopinski. Plaintiff filed garnishment proceedings against Daniel J. Hafner. Defendant Hafner claims that the judgment against Daniel J. Hafner was discharged in bankruptcy. Plaintiff admits that the judgment was discharged in bankruptcy but claims it was not effective as it comes within the exception to the Bankruptcy Act which reads in part as follows:

Sec. 17 a (2) of United States Code, Title II, Chapter 3, Section 35:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another * * *"

The only question presented, therefore, is whether a judgment in an action for assault and battery for compensatory damages and in which exemplary damages are not awarded is a debt dischargeable under the United States Bankruptcy Act.

In his petition, plaintiff alleges that the defendants "did willfully, maliciously and wrongfully assault, strike, beat and bruise plaintiff, Joseph Scalia, in and upon the body of him, plaintiff, and did maliciously and wantonly cause plaintiff personal injuries * * *. That as a direct result of the aforesaid assault and battery, plaintiff was made sick, sore and lame and suffered great bodily pain and discomfort from the cuts, bruises, contusions, abrasions and fractures, including a fracture of the left condylar neck of the mandible of plaintiff * * *."

Defendant, Daniel J. Hafner, in his answer admits that plaintiff and defendant, Thomas Lopinski, were engaged in a fight, that he stepped in between said parties and did separate and stop said fight.

In its general charge the Court instructed the jury as to the issues, defined assault and battery and included instructions as to the necessity of intent. Part of the charge on intent was:

"In order to constitute assault and battery under the law, there must be an intent to inflict some physical injury, no matter how slight, upon the person of another."

The Court also in its general charge, included a charge on compensatory damages and exemplary or punitive damages.

Defendant claims that because the jury failed to assess exemplary damages, that there was no malice involved and that therefore the judgment is dischargeable in bankruptcy.

It has been held by many courts that a judgment for assault and battery is one for a willful and malicious injury. *In re Pacer*, 5 F. Supp., 439; *Tinker* v. *Colwell*, 193 U. S., 473; *In re Conroy* (C. C. A.), 177 F., 885; *In re Colaluca* (D. C.), 133 F., 255; *In re Wernecke* (D. C.), 1 F. Supp., 127.

The Supreme Court of Massachusetts in *McChristal* v. *Clisbee*, 76 N. E., 511, held:

"There cannot be an assault and battery or a false imprisonment or a malicious prosecution without a willful injury of the person upon whom the wrong is inflicted. The word willful in the statute means nothing more than intentional."

In *Kite* v. *Hamblin*, 241 S. W. 2nd, 601, the Supreme Court of Tennessee held that a judgment in an action for assault and battery is not dischargeable in bankruptcy.

The court said in a well-reasoned opinion that: "since under the cause of action stated in the declaration, the judgment was for damages for a willful assault and battery and its resulting damage to the person, we must conclude the judgment was not dischargeable:"

The Court then cited *McChristal* v. *Clisbee (supra)*, with approval and quoted the following excerpts from other cases.

" 'Willful and malicious injury' in the bankruptcy act and everywhere in the law, does not necessarily involve hatred or ill will as a state of mind, but arises from 'a wrongful act, done intentionally, without just cause or excuse.' " *Peters* v. *U. S. ex rel. Kelley*, 7 Cir., 177 F., 885, 887.

"In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained." *Tinker* v. *Colwell*, 193 U. S., 473, 485, 24 S. Ct., 505, 508; 48 L. Ed., 754.

The Supreme Court of Tennessee then says:

"In the present case the declaration alleges an assault and battery which was a trespass vi et armis (striking plaintiff with fists). An indispensable element of the evidence necessary to support that cause of action is that the striking is willful and intentional * * *."

The court distinguishes the holding of *In re DeLauro*, (D. C.), 1 F. Supp., 678, on the ground that in that case the general verdict would have been valid on evidence of unintentional negligence.

In the case of *Thibadeau v. Martin*, 35 A. 2d, 653, the Supreme Court of Maine held in an action for damages for assault and battery when as in the within case, the jury awarded a verdict for compensatory damages only and failed to award exemplary damages, that the judgment was not released by a discharge in bankruptcy.

The Court in its excellent opinion says:

"(1) Liabilities for willful and malicious injuries to the person or property of another are excepted from the provable debts from which a bankrupt is released by a discharge. Bankruptcy Act July 1, 1898, c 541, Sec. 17 (2), 30 Stat., 550, 11 U. S. C. A., Sec. 35 (2). Willful as used in the statute means nothing more than intentional, and the malice necessary to bring a liability within the exception need only be that which the law implies in the intentional doing of a wrongful act to the injury of another without just cause or excuse. Actual ill will or malevolence is not necessarily involved and proof of special or actual malice is not required. *Tinker v. Colwell*, 193 U. S., 473, 24 S. Ct., 505, 48 L. Ed., 754; *Peters v. United States*, 7 Cir., 177 F., 885; *Rogers v. Doody*, 119 Conn., 532, 178 A., 51; *McChristal v. Clisbee*, 190 Mass., 120, 76 N. E., 511, 3 L. R. A., N. S., 702, 5 Ann. Cas., 769; *Nunn v. Drieborg*, 235 Mich., 383, 209 N. W., 89; *In re Deveraus*, 150 Misc., 337, 269 N. Y. D., 127.

"(2) There cannot be an assault and battery without the intentional doing of a wrongful act and when, as here, actual and substantial injuries result and justification is lacking, by the clear weight of authority a judgment for the liability which arises is for a willful and malicious injury to the person of another which is not released by a discharge in bankruptcy. *In re Conroy*, 2 Cir., 237 F., 817; *In re Pacer*, D. C., 5 F. Supp., 439; *Peters v. United States*, 7 Cir., 177 F., 885; *In re Wernecke*, D. C., 1 F. Supp., 127; *McChristal v. Clisbee*, 190 Mass., 120, 76 N. W., 511, 3 L. R. A., N. S., 702, 5 Ann. Cas., 769; *Gorczyca v. Stanoch*, 308 Ill. App., 235, 31 N. E. 2d, 403; *Tytar v. Horbal*, 274 Mich., 634, 265 N. W., 762; *Taylor v. Buser*, Supp., 167 N. Y. S., 887; Remington on Bankruptcy, Sec. 3551; 4 Am. Jur., 191.

"(4, 5) Nor was the decision below contrary to law because the jury, in the assault and battery case on which the judgment was based, failed to award exemplary damages. As already pointed out the exception in Section 17 (2) of the Bankruptcy Act includes a judgment for an assault and battery which is willful and malicious within the accepted meaning of that provision, and it is not confined to acts which would justify exemplary damages. *In re Franks*, D. C., 49 F. 2d, 389; *In re Wernecke, supra*. The decision *In re De Lauro*, D. C., 1 F. Supp., 678, cited on the brief, is not in point and the facts and reasons advanced to support it have no counterparts here."
* * *

In Ohio it is well established that intent to inflict personal injury upon another is an essential element of an action based on assault and battery. 50 O. Jur. 2d, 104; *William* v. *Pressmen*, 69 Ohio Law Abs., 470.

It is the opinion of the Court that in the instant case, giving the language of the bankruptcy statute its natural meaning and applying the rules stated in the cases referred to, that the judgment in the within case was founded upon an assault and battery for willful and malicious injuries to the person of plaintiff and that it is excepted from the provable debts from which a bankrupt is released by discharge under the exceptions to the Bankruptcy Act.

The fact that the jury failed to award exemplary damages does not require the conclusion that the liability of the defendant therein for compensatory damages was discharged by defendant's discharge in bankruptcy.

The motion of the plaintiff for proceedings in aid of execution is well taken and granted.

Defendant, Daniel J. Hafner, is therefore ordered to appear for examination, under oath, concerning his property and the respondent, Tiffin Art Metal Co., is ordered to appear for examination, under oath, as to any indebtedness owing to the defendant or any property of the said defendant, Daniel J. Hafner, which it may have in its control or possession, before me, in Court Room No. 2, Lucas County Court House, February 11, 1960, at 10:00 o'clock A. M.