PER CURIAM.
 

 This appeal involves the question of whether a $95,000 judgment debt in favor of the judgment creditor (plaintiff-appellee, the widow of the decedent) for the shooting of her husband by defendant-appellant (the bankrupt), is dischargeable under the bankruptcy act, 11 U.S.C. § 523(a)(6).
 
 [1]
 

 The bankruptcy court discharged the debt. District Judge Robert L. Taylor reversed, holding that the bankruptcy court should have applied the doctrine of collateral estoppel and should not have relitigated the issues determined against the bankrupt in an action between the same parties in a State Court. We affirm the district court, 6 B.R. 731, on authority of
 
 Spilman v. Harley,
 
 656 F.2d 224 (6th Cir.1981).
 

 
 *448
 
 Upon motion of the appellant, and with the consent of the appellee, the appeal was submitted to this court on briefs without oral argument.
 

 Appellant (the bankrupt) shot the husband of appellee in the abdomen in a barroom altercation in Knoxville, Tennessee. The victim lived for approximately six weeks in the intensive care unit at the University of Tennessee Memorial Hospital, where he accrued medical bills in the amount of approximately $60,000 before his death. Appellant was charged with murder and entered a plea of voluntary manslaughter after plea negotiations.
 

 The widow filed a civil action against appellant in the Circuit Court of Knox County, Tennessee, for the wrongful death of her husband, charging that appellant (the bankrupt) “willfully, unlawfully, maliciously and without cause or excuse assaulted Plaintiff’s deceased husband with a .38 pistol and shot Plaintiff’s ... husband in the abdomen.” The jury returned a verdict for $95,000.
 

 In
 
 Spilman v. Harley, supra,
 
 656 F.2d at 228-29, this court held that before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue of willful and malicious action “was actually litigated and was necessary to the decision in the state court.” This court remanded that case with directions to look to the entire State court record to determine if the issue of willful and malicious action on the part of the bankrupt was actually litigated and was necessary to the State court decision. No such remand is necessary in the present case. District Judge Taylor looked to the State court record and found that the issue of willful and malicious action on the part of the bankrupt was litigated in the State court and was necessary to the State court decision. This finding is supported by the essential parts of the State court record set forth in the appendix on this appeal.
 

 The averment of the State court complaint charging that the bankrupt “willfully” and “maliciously” shot the husband of the plaintiff is quoted above. The jury returned a general verdict against the bankrupt. T.C.A. § 20-9-503 provides as follows:
 

 20-9-503. Scope of general verdict.— A general verdict, although it may not in terms answer every issue joined, is nevertheless held to embrace every issue, unless exception is taken at the term at which the verdict is rendered. [Code 1858, § 4247 (deriv. Acts 1851-1852, ch. 152, § 4); Shan., § 6085; Code 1932, § 10343; T.C.A. (orig. ed.), § 20-1318.]
 

 Self defense was the plea of the bankrupt in the State court action. The State trial judge charged the jury that a plea of self defense will not avail in a case where the defendant is found to have acted willfully and maliciously in killing or injuring another. The bankrupt admitted on cross examination that he entered a plea of guilty to voluntary manslaughter because he felt that he could have been found by a jury to be guilty of murder.
 

 The Supreme Court of Tennessee in
 
 Kite v. Hamblen,
 
 192 Tenn. 643, 241 S.W.2d 601 (1951) held that a judgment for assault and battery was for willful and malicious action and was not dischargeable under the bankruptcy law then in effect.
 

 In concluding that the bankruptcy court should have applied the doctrine of collateral estoppel and should not have relitigated the same issues found against the bankrupt in the State court, the District Judge said:
 

 Although ill-will or malevolence may not be an essential element of all assault and battery cases it was an unavoidable element in this particular assault and battery. The civil jury found that defendant deliberately pointed a gun at plaintiff’s decedent and fired it. The jury further found that the shooting was not in self-defense. These conclusions are inescapable in the jury’s verdict for the plaintiff. These findings of fact by a civil jury may not be relitigated, particularly between the same parties, in Bankruptcy Court. The deliberate shooting of another human being, not done in self-defense, is a malicious act in every sense of the word. One does not fire a pistol at another person without intending to kill or seri
 
 *449
 
 ously injure him. An unjustified intent to kill or seriously injure someone reflects ill-will. The fact that defendant’s action was legally characterized as an assault and battery does not denigrate the malicious nature of the particular act this particular defendant was found to have committed. The Court does not say that all assault and battery cases involve “willful and malicious injury” under Section 523, although there is support for that proposition in Tennessee and elsewhere. But in this particular case, involving an intentional, unjustified shooting, the element of maliciousness is unavoidably found in the jury’s verdict.
 

 Appellant contends that the State court did not find that he was guilty of malice. We agree with the district court that this contention is without merit. It has been a general rule that liabilities arising from assault and battery are considered as founded on willful and malicious injuries. 3
 
 Collier on Bankruptcy
 
 ¶ 523.16.
 
 See also In re Rice,
 
 18 B.R. 562 (Bkrtcy.N.D.Ala.1982);
 
 In re McCloud,
 
 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980).
 

 Appellant further asserts that the verdict of the State court did not find malice because no award was made for punitive damages. The failure of a jury to award punitive damages does not necessarily result in the discharge of a judgment debt claimed to be nondisehargeable as arising from a willful and malicious act.
 
 In re Cooney,
 
 8 B.R. 96, 100 (Bkrtcy.W.D.Ky.1980). This was the rule under the prior bankruptcy act.
 
 Thibodeau v. Martin,
 
 140 Me. 179, 35 A.2d 653 (1944);
 
 see Annotation,
 
 “Claim or judgment based on assault and battery as liability for willful and malicious injury within § 17(2) of Bankruptcy Act (11 U.S.C. § 35(2)), barring discharge of such liability.” 63 A.L.R.2d 549, 556 (1959).
 

 The judgment of the district court is affirmed.
 

 [1]
 

 . § 523. Exceptions to discharge
 

 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.