# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 14, 2002 Session

## CHRISTINA FORTENBERRY v. G. T. GEORGE, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-617-98     Dale C. Workman, Judge**

---

**No. E2000-02984-COA-R3-CV   Filed July 3, 2002**

---

HOUSTON M. GODDARD, P.J., Concurring

Preliminarily, I would concur with Judge Swiney's opinion that it is appropriate in the interest of judicial economy to accept this case notwithstanding that the judgment below was not a final one as to all parties. I do believe, however, that it does not meet the criteria of a Rule 10 appeal, but think it more appropriate to accept it as a Rule 9 appeal, suspending all uncomplied with rules necessary for such an appeal.

I also concur that Judge Swiney has accurately stated the law on the question of the liability of the City as mandated by Limbaugh. I write separately, however, to question the reasoning employed by the Supreme Court in reaching its resolution in that case.

As I read the Statute, it first gives a blanket grant of immunity to governmental entities, T.C.A. 29-20-201. Thereafter, it provides for several exceptions, including T.C.A. 29-20-205, which excepts from the blanket grant of immunity "injury proximately caused by a negligent act or omission of an employee within the scope of his employment." There are, however, exceptions to the exception, which in the case at bar are set out in subsection 2. This section, as Judge Swiney's opinion points out, enumerates a number of causes of action for which immunity remains. Those enumerated do not include assault and battery which is the reason that the Limbaugh Court held assault and battery remained under the exception to immunity found in the first paragraph of T.C.A. 29-20-205.

It is my view that the construction placed upon the statute by the Supreme Court results in an oxymoron, to-wit, the employee was guilty of a negligent assault and battery. I reach this

conclusion because under our civil law[1] intent is an "indispensable element" of assault and battery. <u>Kite v. Hamblen</u>, 241 S.W.2d 601 (Tenn. 1951). This case also reminds us that an assault and battery is in fact a "trespass vi et armis (striking plaintiff with fists)." Having said this, I concede this argument was not advanced in the case at bar and most likely was not advanced in <u>Limbaugh</u>.

I also note that under the reasoning of the Supreme Court in <u>Limbaugh</u> murder in the first degree and rape would likewise not be protected by immunity, even though it is hard to imagine either being the result of a negligent act.

In summary, I believe that upon a fair reading the statute provides that governmental entities are clothed with immunity except for negligent acts committed by an employee within the scope of his employment. But even as to negligent acts the governmental entity retains its immunity as enumerated in subsections 1 through 9.[2]

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[1] Our Criminal Code uses the word "recklessly" in defining an assault. 39-135-101(7).

[2] Subsection 2, the one relied upon in <u>Limbaugh,</u> is set out in Judge Swiney's opinion.