## PICKARD, Respondent, v. HALL, Appellant.

### (220 N. W. 862.)

(File No. 6277.   Opinion filed August 18, 1928.)

*L. L. Lawson,* of Woonsocket, for Appellant.

*R. B. Palmer,* of Woonsocket, for Respondent.

BROWN, J.   In this action for conversion of an automobile, plaintiff prevailed, and, from an order denying a new trial, defendant appeals, on the ground that the verdict was reached by resort to the determination of chance.   The statute makes this a cause for a new trial, and provides that it may be proved by the affidavit of any one of the jurors.

Seven of the jurors made affidavit that, after the jury had deliberated for some time, each wrote on a piece of paper "an amount as damages and also an amount as exemplary damages," that the sum of each was divided by 12, and the quotients were the amounts awarded by the verdict for damages and exemplary damages, respectively, and that the amounts were not agreed upon after consideration of the evidence by the jurors.

Another juror made affidavit that this average was taken merely as a basis for discussion, and that thereafter further discussion was had and a ballot taken, and it was agreed that dam-

ages should be assessed at these amounts, but that there was no agreement or understanding before taking the average that it would be accepted as the verdict. One of the seven made a rebuttal affidavit in which he stated that no ballot was taken after the quotient was ascertained, but that the jury agreed on that as the verdict.

No juror states that it was so agreed or understood before or at the time the average was taken. All the affidavits were made from eight to ten months after the rendition of the verdict. They do not show a resort to the determination of chance in arriving at the verdict. Long v. Collins, 12 S. D. 621, 82 N. W. 95; Sales v. Maupin, 35 S. D. 176, 151 N. W. 427, Ann. Cas. 1917C, 1222.

The order appealed from is affirmed.

BURCH, P. J., and POLLEY and CAMPBELL, JJ., concur.

SHERWOOD, J., not participating.