ZAHROWSKI, Respondent v. DAHL, Appellant

(100 N.W.2d 802)

(File No. 9804. Opinion filed January 28, 1960)

**Newell E. Krause,** Lemmon, for Defendant and Appellant.

**Arend E. Lakeman, Morrison & Skaug,** Mobridge, for Plaintiff and Respondent.

BIEGELMEIER, J. In this civil action for damages resulting from an assault and battery the complaint alleged the defendants George Dahl and his son Frank Dahl jointly, without just cause or provocation and with great malice, force and violence assaulted and beat the plaintiff breaking his jaw, displacing his teeth and causing other serious injuries; it asked $12,000 actual and $2,000 exemplary damages. The jury returned a verdict for plaintiff against the defendant George Dahl for $2,500 actual and $2,000 exemplary damages. He appeals from the judgment and order denying his motion for a new trial.

Plaintiff and George Dahl were adjoining ranchers, had been neighbors for about 15 years and had had no prior arguments. Defendant George Dahl had taken possession of some of plaintiff's cattle which he claimed had trespassed on Dahl's land and with his son and Lester Oschner, a neighbor they brought along as a witness, drove over to see plaintiff. Plaintiff's version of the affair was that George Dahl "hollered" to him that he had plaintiff's cattle locked up; plaintiff asked him why he had locked up his cattle when Dahl's cattle were running with plaintiff's cattle; that George Dahl called plaintiff to come over the fence of a corral where plaintiff was working and then testified:

> "* * * I was wanting to know why he had a right to run on me and I didn't have a right to run on him.
>
> "Q. Then what happened? A. Well, pretty soon I was—I got struck on this side here and as I fell I kind of went ahead and I was struck on this side then * * *. Four times that I remember * * *".

Plaintiff also testified that he knew that defendant had hit him and that as his son Frank was back of him he

thought the son also had hit him. Plaintiff's jaw was broken in two places; the injuries he received were so extensive that a local doctor and dentist sent him to the University of Minnesota for medical treatment where an operation was performed to set and wire his fractured jaw.

■■ Appellant argues four questions based on his assignments of error. The first is that the evidence is insufficient to support the verdict for exemplary damages, that absent from this case is a wish to annoy, vex or injure. SDC 37.1902 in part provides:

> "Exemplary damages. In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of * * * malice, actual or presumed * * * the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant."

The evidence further showed that appellant George Dahl first went to plaintiff's house, inquired of plaintiff's whereabouts from his wife and told her that he was going to settle this once and for all; that when he saw plaintiff, appellant talked loud and was angry. Defendant-appelant then testified:

> "I walked back and took off my coat. He (plaintiff) was standing there and I noticed I had my cap on so I went back and throwed my cap off and he was standing there and I walked up and jabbed him in the mouth and he turns and runs over the corral. And I grabbed him by the feet and jerked him back down. Mr. Oshner tapped me on the shoulder and he says, let's get out of here, he says, settle it some other time. * * * Q. This left jab—was that the only blow that was struck? A. Yes, I just straightened him up. I wanted to give him one with the right but he turned and run. * *"

Malice may be presumed from the manner in which the assault is made considered in the light of the surrounding

circumstances. Bogue v. Gunderson, 30 S.D. 1, 137 N.W. 595. Nowhere in the evidence does it appear that plaintiff struck or attempted to strike the appellant or even defend himself until he was jerked down from the corral. The trial court instructed the jury that malice was that condition of mind which actuates a person wilfully, without excuse or justification to injure another; no other objection was made to the instructions on exemplary damages except the insufficiency of the evidence to sustain them. There was sufficient evidence for the jury to find malice and the court did not err in submitting this question to it. Bogue v. Gunderson, supra; and Kunz v. Johnson, 74 S.D. 577, 57 N.W.2d 116; Cf. Stene v. Hillgren, 78 S.D. 1, 98 N.W.2d 156.

■■ Appellant next alleges error in permitting plaintiff, after all evidence had been submitted, to amend his complaint so as to allege that defendants **severally** and jointly committed the assault. Permitting amendments to pleadings is largely discretionary with the trial court. Weaver v. Bauer, 76 S.D. 401, 79 N.W.2d 361. The prayer of plaintiff's complaint contained a demand for judgment against both defendants "jointly and separately"; the amendment simply conformed to proof already in the record and the trial court did not abuse its discretion.

■ Complaint is made of a quotient verdict. The affidavits of two jurors stated that each member of the jury wrote on a slip of paper the amount they felt plaintiff was entitled to and "upon agreement therebefore they thereafter divided the total by twelve (12) and arrived at the average * * * ". One juror made an affidavit that each juror wrote on a slip of paper for discussion, the amount he thought the award should be; this sum was divided by 12; that there was no agreement or understanding before or after writing down such amounts that this would be their verdict; that the amount was thereafter determined by argument and discussion, independent of the division and was not the sum shown by the division; that the amount of damages was based on the independent decision of each juror. This was corroborated by seven other jurors. On this record the trial court ruled against appellant and in favor of the verdict. We approve this ruling.

Stene v. Hillgren, supra; Pickard v. Hall, 53 S.D. 420, 220 N.W. 862; Platt v. City of Rapid City, 67 S.D. 245, 291 N.W. 600; see Knutsen v. Dilger, 62 S.D. 474, 253 N.W. 459. Appellant also testified:

> "Q. So, if any one inflicted this injury that we claim occurred on him, you did it? A. It had to be me, yes."

and later

> "A. I think he got them (injuries) when he run into the corral."

Error is then asserted of the failure of the trial court to give defendants requested instruction that if plaintiff's injuries were proximately caused by his own negligence he could not recover. The trial court in other instructions advised the jury that plaintiff could recover only such damages suffered by him as a direct and proximate result of the defendant's assault and battery; this excluded damages, if any, of plaintiff's own negligence. The court also instructed that if the jury found the injuries were due to accidental causes, the finding should be for the defendants. There was no evidence of any accidental injuries here so this instruction was more favorable to defendants than the evidence warranted.

No question is raised as to the actual damages. Other assignments of error are neither argued or mentioned in the brief. They are deemed waived. Chambers v. Wilson, 67 S.D. 495, 294 N.W. 180. The judgment and order appealed from are affirmed.

All the Judges concur.