In the Matter of Richard M. TRUESDAIL, Jr., Bankrupt,

v.

Cecil and Leda HALL, Plaintiffs.

Bankruptcy No. 74–60885.

United States Bankruptcy Court, E. D. Michigan, S. D.

Oct. 26, 1979.

Maurine Jones McKenna, Flint, Mich., for plaintiffs.

Frank L. Talkow, Flint, Mich., for bankrupt/defendant.

OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

*Statement of the Case*

The sole issue before the court in this reserved decision is whether a State Court

Judgment which predated the bankruptcy and arose out of an injury inflicted on Mrs. Hall's person is a dischargeable debt.

*Findings of Fact*

Although several issues requiring motions and argument before the court germane to the issue before the court have been disposed of, this court is limited to the sole issue of whether the judgment debt obtained in a trial in the State Court, pre-dating the bankruptcy, is a dischargeable debt.

A summary of the facts is as follows:

On March 29, 1976, about 1:30 a. m., plaintiffs, husband and wife, were seated at a table in Princess Arms, a liquor dispensing establishment in this county. At the same table were the sister and brother-in-law of Mrs. Hall. The brother-in-law left the table to play pool at a table a short distance from where the four parties were seated. While the remaining three parties were at the table, the bankrupt entered the bar and subsequently engaged in an altercation at the bar which spread to the pool table and there the bankrupt pulled a gun brandishing it and threatening to shoot nearby people. Several men near the pool table subdued Mr. Truesdail and during the process the gun was fired, discharging a bullet into the ceiling of the drinking establishment. The bankrupt succeeded in disengaging from the restraint of the patrons who were trying to subdue him and swinging his gun wildly at anyone within reach swung the gun at the head of Cecil Hall who ducked and the gun struck Mrs. Hall fracturing the frontal bone and leaving a four inch cut in her forehead and also disfiguring her nose with a large cut across the nose. At all times, the plaintiffs were seated at a table, had not engaged in any of the altercation going on, and had not sought in any way to interfere with the bankrupt. The bankrupt had visited two other bars prior to coming to the Princess Arms and admitted that he was intoxicated.

Mrs. Hall was taken to a hospital and thereafter the frontal bone of her forehead was submitted to corrective surgery and the total amount of the bills sustained as a result of the injury amounted to $3,300.

After hearing the testimony of the plaintiffs and the defendant the District Judge awarded a judgment for the full amount of the ad damnum clause of the suit, to wit, $10,000.

The bankrupt brings this action before this court to determine the dischargeability of the debt.

*Findings of Law*

The plaintiffs have furnished the court with the transcript of the proceedings in the State Court which this court has read. In essence, we have here a drunken man, armed, who enters into a drinking establishment, causes a disruption of the peace and tranquility therein, and then takes his gun and swings it at different individuals who were doing him no harm and in no way trying to interfere with him and blindly strikes a patron sitting at a table causing serious injuries to her.

The question is whether or not the injury and the manner in which it was inflicted on the plaintiff Mrs. Hall is a wilful and malicious injury under Section 17 of the Bankruptcy Act. This court finds in the affirmative. In the case of *In re Jorge L. Morales,* BCD p. 858 A–14–A101, the court held that a drunken driver who drives into a parked car and damages it creates a nondischargeable debt.

In the case of *Tonkin* CCH 66,753 the court held, where the bankrupt fatally shot the claimant's husband under circumstances creating a tort that the injuries arising therefrom created a debt non-dischargeable in bankruptcy. The court held:

" * * * while generally torts are not proveable in bankruptcy, Section 63(a)(7) of the Act makes an exception for the negligence actions instituted prior to and pending at the time of bankruptcy. Although proveable, this claim is nondischargeable under Section 17A(8) of the Act since it represents a claim for wilful and malicious injuries. While there was no hatred or ill will between the parties, the bankrupt introduced a deadly weapon into a situation where non was called for. His subsequent failure to observe reason-

able precaution resulted in the death of claimant's husband. Thus, the claim arose from the wilful and malicious conduct of the bankrupt which resulted in personal injury."

In the case at hand the bankrupt did not know the plaintiffs and the term "wilful and malicious" arises out of a gross failure on the part of the bankrupt to observe the barest minimum of restraint or caution in his actions so as to not injure an innocent third party. This is gross negligence in the extreme degree which is tantamount to a wilful and malicious act.

This court will hold that the State Court judgment was granted after the court had taken sufficient testimony of the parties involved in the transaction so as to grant the judgment complained of, and that the transcript of testimony in the record which is before this court is sufficiently clear and probative so that there is no reason to hear a de novo trial before this court.