In the Matter of Willie Freeman SMITH, Bankrupt.

Henrietta MASON, Plaintiff,

v.

Willie Freeman SMITH, Defendant.

Bankruptcy No. 77–1518–BK–CF–B.

United States Bankruptcy Court, S. D. Florida.

Nov. 27, 1979.

Jones, Paine & Foster, P. A., Anthony E. Pucillo, West Palm Beach, Fla., for plaintiff.

Kenneth S. Rappaport, Boca Raton, Fla., for Bankrupt.

Irving E. Gennet, Boca Raton, Fla., C. Peter Buhler, Miami, Fla., for defendant.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

These two proceedings are sufficiently related that with the consent of the parties they were tried together before me on November 20, 1979. The same creditor filed each proceeding. In the first she seeks revocation under § 15(2) of the Act (11 U.S.C. § 33) of the discharge granted to the bankrupt on September 20, 1978. (C.P. No. 23)

On September 28, 1979, this court extended the time to challenge discharge and dischargeability. (C.P. No. 35) That order has been appealed and the appeal remains pending. (C.P. No. 36) In the second Adversary Proceeding, the creditor seeks denial of discharge under § 14c(4) of the Act (11 U.S.C. § 32) and, alternatively, a determination that her claim is non-dischargeable under § 17a(8) of the Act (11 U.S.C. § 35). This complaint was filed within the extension granted by the order referred to above, which is on appeal.

Plaintiff's purpose in the first adversary proceeding is to preserve her claim in the event the order permitting her second complaint is reversed. The bankrupt has answered each complaint. This order is a memorandum of decision under B.R. 752(a).

■ I find that the plaintiff obtained a judgment in Florida against the bankrupt on May 11, 1977 in the amount of $100,000 "for the intentional tort of battery". The specific allegation in the complaint filed in that action was as follows:

"Defendant Willie Freeman Smith, Jr. willfully, wantonly, and maliciously as-

saulted and struck plaintiff, and beat and struck the plaintiff in and about her head, face, and body with his hands and fists."

No other cause of action was alleged and no other conduct was alleged as a basis for that cause of action which was tried before a jury. The judgment has become final. Plaintiff's claim on that judgment is a liability for willful and malicious injury to the plaintiff's person and, therefore, non-dischargeable under § 17a(8) of the Act. *Collier on Bankruptcy* (14th ed.) ¶ 17.17. The factual issues pertinent to this determination have been adjudicated as between these parties by the judgment. *Ibid.* ¶ 17.-17[2].

It is the bankrupt's contention that the judgment does not show what part of the judgment liability is for "willful and malicious injuries to the person". I find that the judgment, in light of the complaint and answer demonstrates that all of the judgment is for such injuries. It should be noted that:

"The word 'willful' means nothing more than intentionally doing an act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury."

*Ibid.* ¶ 17.17 n. 6.

It follows that the plaintiff is entitled to a judgment that her claim is non-dischargeable under § 17a(8).

I also find that on November 22, 1976, which was within the twelve months immediately preceding the filing of the petition in this bankruptcy case, November 17, 1977, the bankrupt transferred title to certain real property owned by him with an actual intent to hinder, delay or defraud his creditors, specifically the plaintiff.

The specific circumstances which prompt this finding are set forth in plaintiff's exhibit no. 7, a final judgment entered on September 29, 1978 in a second lawsuit brought by the plaintiff against the bankrupt in Florida. That judgment contains specific factual findings that the bankrupt

conveyed the real property in question by a deed placed of record on November 22, 1976 to his mother without consideration after the plaintiff had obtained a verdict and judgment against the bankrupt for the intentional tort referred to above and while that verdict and judgment were pending on the plaintiff's motion for new trial solely as to the amount of damages. On retrial the damages were increased from $5,000 to $100,000. The judgment obtained by the plaintiff in September, 1978, finds that:

"The deed was executed by Willie Freeman Smith to the end and purpose of delaying, hindering and defrauding plaintiff Henrietta Mason of her just and lawful damages."

The property was worth over $55,000 in 1976. The September, 1978 judgment obtained by the plaintiff constitutes a binding determination of the foregoing facts as between the parties and constitutes the basis for my determination in this proceeding.

The bankrupt has argued that the transfer occurred on November 12, 1976, the day the deed in question was executed, and therefore that the conveyance was more than twelve months before the bankruptcy filing. By definition under the Bankruptcy Act, § 67d(5) (11 U.S.C. § 107):

"For the purposes of this subdivision a transfer shall be deemed to have been made at the time when it became so far perfected that no bona fide purchaser from the debtor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein . . . ."

Under Florida law, this transfer did not become so perfected until recordation. It was the act of recordation which constituted the attempt to hinder this creditor in her efforts to secure a larger judgment lien against this real property.

Additionally, the bankrupt has argued that because the September, 1978 judgment was signed by a County judge rather than a Circuit judge, the judgment is not res judicata of the issues presented here. It appears that in Palm Beach Coun-

ty it was then and perhaps still is the practice for County judges to hear and decide cases pending before the Circuit court.

The judgment in evidence before me has been duly certified by the Clerk of the Circuit Court. There is no evidence that an appeal was ever taken on this or any other ground or that this judgment has been voided by an appropriate collateral attack on this or any other ground. The judgment is presumptively valid.

 The validity and conclusiveness of this adjudication must be tested by Florida law. *Parker Bros. v. Fagan*, 5 Cir. 1934, 68 F.2d 616, cert. den. 292 U.S. 638, 54 S.Ct. 719, 78 L.Ed. 1490. The judge which entered this judgment was at least a de facto judge and the official acts of a de facto judge are as valid as if he had been an officer de jure. 13 *Fla.Jur.2d* 340. Since the Circuit Court in Florida is a court of general jurisdiction, a presumption is invoked in favor of its jurisdiction to enter any judgment of that court. 13 *Fla.Jur.2d* 123.

I conclude that the bankrupt must be denied discharge under § 14c(4) of the Act.

Plaintiff seeks revocation of the discharge in this case because the bankrupt did not disclose in his schedule of assets filed with his bankruptcy petition on November 17, 1977, the real property, referred to above, which he had fraudulently conveyed to his mother on November 22, 1976. There is no reference to this conveyance in his Statement of Affairs, which calls for disclosure of any transfers made during the year preceding bankruptcy.

Revocation of a discharge requires a determination that the bankrupt knowingly and fraudulently failed to report or to deliver property to the trustee. *Collier on Bankruptcy* (14th ed.) ¶ 15.12A. No such finding is justified in this case. As already noted, the deed which attempted conveyance of the property to the bankrupt's mother was executed more than one year before bankruptcy and I cannot presume that this bankrupt knew that the conveyance did not occur until the deed was re-

corded, barely within the year preceding bankruptcy. Nor can I conclude that his failure to identify this property as property actually owned by him was deliberate. The judgment to that effect was not entered until one year later in September, 1978. This adversary complaint was filed on September 10, 1979, barely within the year after the discharge was granted on September 20, 1978.

It follows that the complaint to revoke discharge, Adversary Proceeding No. 1, must be dismissed with prejudice.

As is required by B.R. 921(a) separate judgments will be entered in Adversary Proceeding No. 1 dismissing the complaint with prejudice and in Adversary Proceeding No. 2 denying discharge under § 14c(4) and determining that plaintiff's judgment claim in the amount of $100,000 is non-dischargeable under § 17a(8) of the Act. Costs will be taxed on motion.