**In re Lyle Robert ERTZ, dba Ertz Trenching, fdba J & L Furnace Cleaning, Debtor.**

**Terry GREGOR, Plaintiff,**

v.

**Lyle Robert ERTZ, dba Ertz Trenching, fdba J & L Furnace Cleaning, Defendant.**

**Bankruptcy No. 379–00039(C).**
**Adv. No. 379–0001.**

United States Bankruptcy Court,
D. South Dakota.

Oct. 20, 1980.

Wally Eklund, Johnson, Johnson & Eklund, Gregory, S. D., for plaintiff.

Robert A. Warder, Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Lyle Robert Ertz filed a Chapter 7 bankruptcy on October 3, 1979. On December 11, 1979, Terry Gregor, Plaintiff, filed a Complaint to determine dischargeability of a debt. Plaintiff alleged that he obtained a state court judgment that arose out of injuries that were unlawfully, wilfully and ma-

liciously inflicted by Debtor upon Plaintiff and the debt is therefore excepted from discharge under the provisions of 11 U.S.C. Section 523(a)(6).

The Court held a hearing and received into evidence Exhibit 1; a record of the state court trial. The parties requested the Court to decide the case based on the pleadings, Exhibit 1 and the briefs.

For the purpose of this decision the Bankruptcy Court will summarize the facts evidenced by Exhibit 1 that have a bearing on this matter.

The state court Complaint alleged that the Debtor did wilfully, maliciously and intentionally assault and batter Plaintiff by striking Plaintiff in the face, causing Plaintiff to fall and strike his head severely. Plaintiff prayed for judgment against the Debtor for the amount of $12,000.00 in actual damages and for $5,000.00 in exemplary damages.

At the state court trial the following jury instructions that are relevant to the matter now before the Bankruptcy Court were given to the jury.

Jury Instruction 2 instructed the jury that as a result of the alleged assault and battery Plaintiff claims that he "sustained actual damages and also claims punitive damages as a result of Defendant's conduct".

Jury Instruction 9 defined assault and battery for the jury as:

"assault is defined as 'any willful and unlawful attempt or offer with force or violence to do hurt to another,' and battery is defined as 'any willful and unlawful use of force or violence upon the person of another'."

Jury Instruction 14 provided that:

"One who has suffered injury to his person or property through the oppression, fraud or malice of another, may recover, in addition to his actual damage, damages for the sake of example and by way of punishing such other party.

In order to find a party guilty of malice, it is necessary that his conduct be intentional, done with an evil mind and a wish

to injure another; but such malice may be either established by evidence or presumed from all of the material facts. If you find that exemplary damages should be allowed, then in determining the amount, you should consider all of the attendant circumstances, including the nature, extent and enormity of the wrong, the intent of the party committing it, the amount allowed as actual damages, and, generally, all of the circumstances attending the particular act involved, including any mitigating circumstances which may operate to reduce without wholly defeating exemplary damages."

Jury Instruction 9a provides, in part, that:

" . . . If the act of force or violence done is justified, then the act cannot be unlawful and cannot constitute an assault and battery."

The Verdict returned by the state court jury recited that:

"We, the jury, duly empaneled in the above-entitled action and sworn to try the issues therein find for the Plaintiff and assess Plaintiff's damages at the sum of $6,325.00.

We further find for the Plaintiff as to the matter of exemplary damages and assess Plaintiff's exemplary damages at the sum of $None."

The jury, in rendering the verdict, used a form supplied by the state court. The only other verdict form in the record is a form stating that the jury has found for the Defendant (Debtor) "upon all of the issues". There is no indication that the jury received a verdict form wherein the jury found for Plaintiff as to the matter of general damages but for Defendant–Debtor as to the matter of exemplary damages.

The issue presented to the Court is whether a state court judgment based on assault and battery is excepted under 11 U.S.C. Section 523(a)(6) from the discharge when the state court jury, on a verdict form supplied by the court, found for Plaintiff and awarded general damages but awarded no exemplary damages although finding for Plaintiff on the matter of exemplary damages.

11 U.S.C. Section 523(a)(6) provides that any debt "for wilful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from the debtor's discharge. The forerunner of 11 U.S.C. Section 523(a)(6) was Section 17(a)(8) of the Bankruptcy Act, (11 U.S.C. Section 35(a)(8)). Under Section 17(a)(8) debts that "are liabilities for wilful and malicious injuries to the person or property of another" were excepted from the discharge.

In order to understand 11 U.S.C. Section 523(a)(6), it is necessary to review how courts interpreted the phrase "wilful and malicious" under the Bankruptcy Act. The standards applied by the courts varied greatly although state court judgments based on assault and battery were generally held to be excepted from the debtor's discharge.

The Supreme Court decision of *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), is cited as the leading decision by those courts that apply the "reckless disregard" standard. In *Tinker* the Supreme Court held that a state court judgment for criminal conversation, (Defendant had seduced Plaintiff's wife), was excepted from discharge. In so holding, the Supreme Court at 193 U.S. at 487, 24 S.Ct. at 509, 48 L.Ed. at 754, stated that:

"a wilful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury, and is done intentionally, may be said to be done wilfully and maliciously."

The Court of Appeals for the Eighth Circuit, in *Harrison v. Donnelly*, 153 F.2d 588 (1946), held that an injury to a Plaintiff, by a debtor operating a truck on the wrong side of the road while intoxicated, constituted a wilful and malicious injury within the meaning of Section 17(a)(8). The Court followed *Tinker* and applied the "reckless disregard" standard. After noting that an action need not be based on specific malice, the Court held that an act may manifest

such reckless indifference to the rights and safety of others, that the law will imply that an injury resulting from it was intentionally inflicted.

In *Truesdail v. Hall*, 1 B.R. 130 (E.D. Mich.1979), the Bankruptcy Court held that a state court judgment for assault and battery was excepted from the discharge. Bankrupt, while intoxicated, had struck Plaintiff in the face while swinging a gun wildly during a barroom fight. The Court, applying the "reckless disregard" standard, held that such an act was "gross failure on the part of bankrupt to observe the barest minimum of restraint or caution in his actions so as not to injure an innocent third party".

In *Matter of Smith*, 2 B.R. 30 (S.D.Fla. 1979), the Bankruptcy Court held that a state court judgment for battery was excepted from the discharge. There the Complaint alleged that the debtor had wilfully, wantonly, and maliciously assaulted and struck Plaintiff. The Court at page 32 stated that:

> "The word 'wilful' means nothing more than intentionally doing an act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a wilful and malicious injury."

The Bankruptcy Court in *In Re Collins*, 1 B.R. 147 (E.D.Tenn.1979), held that the state court judgment based on a car accident caused by bankrupt was discharged. The Court, after noting that "the term "willful and malicious" is not defined in the Bankruptcy Act", held that "the injuries must have been both willful and malicious, Collier, Vol. 1A Section 17.17(1) at p. 1650.4, and that the phrase means something more than accidental injuries which happen to occur as the result of the commission of an unlawful act".

The Bankruptcy Reform Act of 1978 did not define the term wilful and malicious as used in 11 U.S.C. Section 523(a)(6). However, Congress intended that the "reckless disregard" standard as set out in *Tinker v. Colwell*, and cases relying on *Tinker* for

authority, no longer be followed. H.R.Rep. No.595, 95th Cong., 1st Sess. 363 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; S.Rep.No.989, 95th Cong., 1st Sess. 77–79 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Other than overruling the application of the "reckless disregard" standard, Congress did not set out any guidelines for Courts to follow in interpreting the phrase wilful and malicious.

3 Collier on Bankruptcy, 15th Ed., Section 523.16(1) at p. 523–115, defines the phrase as:

> "An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill–will. The word "willful" means "deliberate or intentional, a deliberate and intentional act which necessarily leads to injury." Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury."

3 Collier on Bankruptcy, 15th Ed. Section 523.16(1) at p. 523–119, would suggest that,

> "Liabilities arising from assault or assault and battery are generally considered as founded upon a willful and malicious injury and are therefore within the exception. Of course, if an action of assault may be committed without any element of malice, a claim based thereon will not necessarily be excepted from operation of a discharge."

 The purpose of the Bankruptcy Reform Act of 1978 is to provide relief and allow a debtor a chance for a fresh start. If the debtor is saddled with a state court judgment, the debtor's chance for rehabilitation is greatly reduced. Therefore, 11 U.S.C. Section 523(a)(6) shall be applied only to the extent necessarily required by the phrase "wilful and malicious". Further, Plaintiff has the burden of proof to show that the debt should be excepted from discharge. *In Re Kriger*, 2 B.R. 19 (U.S.B.C. Ore.1977); *Murphy v. Wheatly*, 360 F.2d 180 (5th Cir. 1966).

This Bankruptcy Court has reviewed numerous decisions defining the phrase "wilful and malicious". Further, the Court has noted that under South Dakota law a Plaintiff must prove malice in order to recover exemplary damages but not to prove assault and battery or recover general damages.

■ This Bankruptcy Court will not follow any particular definition of the phrase "wilful and malicious". Rather, in holding with Congress' intent that a stricter interpretation of the phrase be applied, this Bankruptcy Court will closely scrutinize any South Dakota state court judgment for assault and battery where a Plaintiff has prayed for and the jury has considered exemplary damages. But this Bankruptcy Court will not except from discharge any South Dakota state court judgment for assault and battery where a jury denied the Plaintiff's prayer for exemplary damages and found for the Defendant–Debtor on the issue of exemplary damages. This is not meant to be a hard and fast rule but only to provide a base for the Court to determine whether or not the debt is discharged. This Court is of the opinion that where a jury has dealt with the issue of exemplary damages, that the jury's verdict should be given considerable weight.

Here, the jury's verdict found for Plaintiff on the issue of exemplary damages but awarded zero damages. No special interrogatories were taken to clear up why the jury rendered such a contradictory verdict. However, the record contains only two verdict forms that were allegedly supplied to the jury. The form not used recites that the jury finds for the Defendant on all issues. There is no indication that the jury was supplied with a verdict form whereby the jury found for Plaintiff as to general damages but for Defendant–Debtor as to exemplary damages.

In this Bankruptcy Court's opinion, the jury intended to find for Defendant–Debtor on the issue of exemplary damages and simply used the form supplied to them. For purposes of this decision, this Court will treat the jury's verdict as being in Debtor's favor on the issue of exemplary damages.

This Court rejects *Scalia v. Hafner*, 172 N.E.2d 346, as being determinative on this court. In *Scalia*, the Court held that notwithstanding the jury's failure to award exemplary damages, that the judgment constituted liability for wilful and malicious injury where the intent to inflict the personal injury was an essential element of the action based on assault and battery.

This Bankruptcy Court holds that Congress intended a stricter application of the "wilful and malicious" test. Where a state court jury has refused to award exemplary damages, that factor should be weighed heavily in favor of the Debtor. Plaintiff, who has the burden of proof to show that the action was "wilful and malicious", must justify the Court's ignoring the jury's verdict and finding that the debt is excepted from discharge.

Here, Plaintiff has submitted a record of the state court trial. Plaintiff failed to explain why the jury rendered the verdict it did, nor did Plaintiff direct the Court's attention to any part of the record that would justify a holding that the debt falls within the provisions of 11 U.S.C. Section 523(a)(6).

Based on the foregoing, this Bankruptcy Court holds that the state court judgment is discharged. Debtor's counsel shall submit an Order consistent with the foregoing. This Memorandum Decision will constitute Findings of Fact and Conclusions of Law.