**In re Lyle Robert ERTZ, d/b/a Ertz Trenching, f/d/b/a J & L Furnace Cleaning, Defendant (Debtor).**

**Terry GREGOR, Plaintiff (Creditor)**

v.

**Lyle Robert ERTZ, d/b/a Ertz Trenching, f/d/b/a J & L Cleaning, Defendant (Debtor).**

Civ. No. 80–3067.
Bankruptcy No. 379–00039(c).
Adv. No. 397–0001.

United States District Court,
D. South Dakota, C.D.

April 6, 1983.

Wally Eklund, Johnson, Eklund & Davis, Gregory, S.D., for plaintiff.

Robert A. Warder, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Creditor Gregor appeals the decision of the United States Bankruptcy Court dis-

charging a judgment debt against debtor Ertz. The judgment was rendered in state court against Ertz for an assault and battery against Gregor in which Gregor sustained bodily injuries. The state court awarded compensatory damages to Gregor but refused his request for exemplary damages. The issue presented is whether this refusal constituted a finding by the state court that the injuries inflicted by Ertz were not willful and malicious for the purposes of the Bankruptcy Code. If they were not, the debt is dischargeable by the bankruptcy court under 11 U.S.C. § 523(a)(6).[1]

On December 22, 1977, Terry L. Gregor (creditor) filed a complaint in Circuit Court for the Sixth Judicial Circuit of South Dakota, alleging Lyle Ertz (debtor) "did willfully, maliciously, and intentionally assault and batter the plaintiff and strike him in the face, causing him to fall and strike his head severely." Gregor claimed $12,000 compensatory damages and $5,000 exemplary damages. After jury trial, the jury found for plaintiff Gregor and awarded him $6,325.00 compensatory damages but no exemplary damages. Judgment on the verdict was entered June 20, 1979.

Debtor failed to pay the judgment and on October 3, 1979 filed a petition in bankruptcy. Thereafter, Gregor timely filed a complaint in bankruptcy court, petitioning that court to determine that the judgment against Ertz was a nondischargeable debt under 11 U.S.C. §§ 523(c) and 523(a)(6). At the hearing on creditor's complaint, the state court trial record[2] was the only evidence received. The bankruptcy court concluded that the state court jury's failure to award exemplary damages amounted to a finding that debtor did not willfully and maliciously injure creditor. The bankrupt-

cy court therefore ruled that the judgment debt was dischargeable.

■ The 1978 revision of the bankruptcy laws includes a stiffening of the standard for nondischargeability of certain debts. Prior to the 1978 revision, courts had interpreted the "willful and malicious" standard to mean that the law barred the discharge of a debt for injury inflicted by conduct evidencing a "reckless disregard" for the person or property of another. *Tinker v. Colwell*, 193 U.S. 473, 487, 24 S.Ct. 505, 509, 48 L.Ed. 754 (1904). Although the "willful and malicious" language remains the same, a creditor seeking to bar discharge of a debt under § 523(a)(6) of the 1978 Bankruptcy Code must prove that his debt arises from an injury that was inflicted deliberately or intentionally by the debtor. The legislative history of § 523(a)(6) makes that clear.[3] As the court said in *In re Bryson*, 3 B.R. 593, 596 (Bkrtcy.N.D.Ill.1980) "Congress has intended 'willful and malicious' [in § 523(a)(6)] to include conduct that is 'deliberate or intentional' ... and not conduct that shows a 'reckless disregard.'"

■ In its opinion below, the bankruptcy court used the congressional retreat from the "reckless disregard" standard as an occasion to infer new powers to investigate the verdicts returned in cases based upon the intentional torts assault and battery. Reasoning that "Congress intended a stricter application of the 'willful and malicious' test," the bankruptcy court concluded that it would grant a discharge of a judgment awarding damages for a battery "[w]here a state court jury has refused to award exemplary damages." *In re Ertz*, 6 B.R. 637, 641 (Bkrtcy.D.S.D.1980). The lower court's conclusion is far afield from its initial premise.

1. § 523 Exceptions to Discharge
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...
   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

2. The Circuit Court record included the pleadings, the exhibits, the jury instructions, and the verdict forms provided to the jury. A transcript of the evidence and trial proceedings was not prepared and was not a part of the record in the Bankruptcy Court.

3. H.R.Rep. No. 595, 95th Cong., 1st Sess. 363 (1977) *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787; S.Rep. No. 989, 95th Cong., 1st Sess. 77–79, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787.

The jury verdict returned in the state court read:

> We the jury, duly impaneled in the above-entitled action and sworn to try the issues therein find for the Plaintiff and assess Plaintiff's damages at the sum of $6,325.00.
>
> We further find for the Plaintiff as to the matter of exemplary damages and assess Plaintiff's exemplary damages at the sum of $None.

*Id.* at 639. Since malice is an essential predicate for the award of exemplary damages under South Dakota law and since the jury awarded no exemplary damages to creditor Gregor, the bankruptcy court reasoned, the jury determined that debtor Ertz struck creditor Gregor without malice. Therefore, the bankruptcy court concluded, the debt did not arise from a willful and malicious injury. As a matter of logic, the bankruptcy court's reasoning is flawed. The statute that underlies the bankruptcy court's chain of reasoning states that "where the defendant has been guilty of oppression, fraud, or malice, . . . the jury . . . *may* give damages for the sake of example, and by way of punishing the defendant." SDCL § 21–3–2 (emphasis added). The language of the statute is permissive. Nothing in the statute requires a jury to assess exemplary damages if it finds malice. That assessment is left entirely to the discretion of the jury. Nothing can be inferred as to the presence of malice from the jury's refusal to impose an exemplary penalty.[4] The record before this Court indicates that the jury's verdict does support the conclusion that debtor Ertz intentionally struck creditor Gregor without just cause and that the blow injured Gregor.

■ Even assuming that the bankruptcy court is correct and the jury's verdict did signal that debtor's battery was committed without malice for the purposes of South Dakota law, that verdict would not suffice to take the judgment outside the exception to discharge found in 11 U.S.C. § 523(a)(6). Maliciousness for the purpose of the Bankruptcy Code is a different concept than malice for the purpose of exemplary damages under South Dakota law. The instruction given to the jury by the state court stated in part: "In order to find a party guilty of malice, it is necessary that his conduct be intentional, done with an evil mind and a wish to injure another; but such malice may be actual or presumed from all of the material facts."[5] *In re Ertz, supra,* 6 B.R. at 638–39. To find malice, a South Dakota jury must find not only intentional conduct but also conduct performed with evil intent. This is a higher showing than is required for a finding of maliciousness under the Bankruptcy Code.

■ The standard established by 11 U.S.C. § 523(a)(6) has been described as follows:

> An injury to an entity or property may be a malicious injury within the provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury.
>
> Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause may constitute a willful and malicious injury.

3 Collier on Bankruptcy ¶ 523.16[1] (15th Ed.1981) (footnotes omitted). Quoted by *In re White,* 18 B.R. 246, 248–49 (Bkrtcy.E.D. Va.1982). *See also In re Cooney,* 18 B.R. 1011 (Bkrtcy.W.D.Ky.1982); *Matter of Lewis,* 17 B.R. 341 (Bkrtcy.S.D.Ohio 1982). The clear weight of authority is that the "willful and malicious" standard contemplated by § 523(a)(6) does not include the evil intent or specific wish to injure stated by the South Dakota definition of malice. The bankruptcy court erred in applying a more strict standard to determine the pres-

---

4. The bankruptcy court's inference is especially weak in a case such as the one between debtor and creditor where the deliberate assault creates a presumption of malice. *Zahrowski v. Dahl,* 78 S.D. 255, 100 N.W.2d 802 (1960).

5. South Dakota Pattern Jury Instruction: Civil 35.01 (1968).

ence of maliciousness for an exception to discharge under § 523(a)(6). This Court holds that 11 U.S.C. 3523(a)(6) provides that a judgment premised upon an intentional act committed without justification which caused injury to a person is not dischargeable in bankruptcy.

Finally, the bankruptcy court based its opinion upon the broad policy statement that the "purpose of the Bankruptcy Reform Act of 1978 is to provide relief and allow a chance for a fresh start. If the debtor is saddled with a state court judgment, the debtor's chance for rehabilitation is greatly reduced." *In re Ertz, supra,* 6 B.R. at 640. As a general statement this is true, but as with all general statements of the law it cannot account for specific cases. Any statement of legal policy must be modified and conditioned by other, equally important, legal policies. The debtor's chance for a fresh start is specifically modified by the policy embodied by Congress in § 523(a)(6). The fresh start will not allow a debtor to use the Bankruptcy Code to excuse himself from the consequences of his willfully destructive actions. Forgiveness of this judgment through law would be as much an insult to the standards of civil conduct as was the original battery that underlies the judgment.

The decision of the bankruptcy court discharging the judgment against debtor is hereby reversed. The case is remanded to the bankruptcy court for proceedings not inconsistent with this opinion.