## In the Matter of The SCHEAR REALTY AND INVESTMENT COMPANY, INC., Debtor.

### No. 3–82–01843.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 6, 1982.

Thomas C. Scherer, Indianapolis, Ind., John M. Cloud, Dayton, Ohio, for debtor.

Arthur Schuh, Cincinnati, Ohio, for Nationwide Life Ins. Co.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter came on for hearing on 24 November 1982 on Application and notice by Debtor in Possession filed 22 October 1982 for authority to enter into a real property and equipment lease, as owner, with Eavey Market, Inc., and objections thereto by Nationwide Life Insurance Company, (hereinafter Nationwide) mortgagor of the premises. The property is located at 1080–1100 Kauffman Avenue, Fairborn, Ohio, a part of the Skyway Shopping Center (hereinafter Store 22).

In pertinent part, the facts are, as follows:

Store 22 was designed and constructed as a supermarket for The Liberal Markets chain, as lessee, and abandoned as such in connection with a reorganization plan confirmed in another Chapter 11 case.

At the time Debtor instituted the instant Chapter 11 case, a foreclosure proceeding filed by Nationwide was pending in the Common Pleas Court of Greene County, Ohio, now stayed.

There is pending in this Court an action under Adversary No. 3–82–0535 instituted by Nationwide seeking relief from the automatic stay as to the Skyway Shopping Center property. The trial date has been delayed upon agreement of the parties.

The proposed lease with Eavey is for operation of a "discount" retail grocery business, and is essentially a "net lease" with a base rent of $40,200.00 per year for two years and a percentage rate of ¾ of 1% of gross annual sales over $5,360,000.00. The lease agreement contains three five year options to renew, with escalated base rentals of $57,000.00 per year and percentage rate of ¾ of 1% on gross sales exceeding $7,600,000.00 on the first five years; $66,000.00 per year and ¾ of 1% on gross sales exceeding $8,800,000.00 the second five years; and $72,000.00 per year and ¾

of 1% of gross sales exceeding $9,600,000.00 the third five years.

Eavey has the contract responsibility for exterior maintenance, replacement and repairs (excluding the roof); for all interior maintenance, replacement, and repairs; maintenance and repair of parking areas, including the exterior light fixtures; maintenance of all utilities in connection with the premises; and, maintenance of public liability and fire and extended coverage insurance. The proposed Eavey lease is made expressly subject to all existing liens and pending legal proceedings.

Store 22 has not been leased since Liberal Markets, Inc. rejected its lease in September, 1981. The projected net income from the proposed Eavey lease and the other Skyway Shopping Center is in excess of $30,000.00 over debt service charges under the Nationwide mortgage, which would be an element in the formulation of a plan of reorganization.

The anticipated income from a lease to Eavey is based upon a two month's history of an ongoing operation and the experience from a lease of a comparable storeroom to Eavey by Debtor in Possession at another location. Testimony from creditable experts in behalf of both Nationwide and the Debtor in Possession assume different postures, depending upon varying conjectures and computed capitalization rates and valuations of the leasehold as it may affect the value of the Debtor's interest.

There is unanimity of opinion that the basic factor is the initial 2-year term and that the exercise of the three 5-year options obviously depend upon Eavey's success at the location. There is also no doubt that the location is not one of the more promising locations of the stores previously operated by Liberal, evidenced by the facts of nonoccupancy and the past failure to obtain a worthwhile tenant.

Even though all of the experts who testified had unimpeachable qualifications, the testimony in behalf of the Debtor in Possession was more directly related to the specific terms of the "net lease" features involved, with actual physical inspections of the premises on the day before testifying and the extensive rehabilitation efforts already made to ready the premises for the Eavey occupancy. Economic benefits were mathematically demonstrated vis-a-vis a long period of unsuccessful efforts to find a viable use and occupancy.

## DECISION AND ORDER

The facts are deficient in formulating a mature conclusion as to the ultimate success or value of the Eavey tenancy. It is the opinion of the Court, nevertheless, that whether or not the proposed lease enhances the valuation of the property or the security of Nationwide's lien is not the issue *sub judice.*

Nationwide objects and urges that the proposed lease is not the best use obtainable for the premises and that the proposed tenant in reality is not obligated beyond the initial two-year tenancy if its use is not profitable.

There is no question from the evidence that the physical condition of the premises because of the Eavey tenancy has been and will be materially enhanced. Even though Nationwide has very valuable interests and rights to be protected by the Chapter 11 process, it is important to note that the Debtor in Possession still owns the title and has the statutory rights to operate its business pending feasible reorganization efforts.

The rights of Nationwide to prosecute its claims for possession of the property to protect its mortgage lien are superior to any intervening rights of Eavey, both as a matter of law and by express contract provisions in the lease.

The Debtor in Possession's right to use, sell or lease property of the estate other than "cash collateral" in the ordinary course of a business is contemplated under 11 U.S.C. § 363(c). What is now involved is a business judgment. In fact, such judgment (since vested legal rights of Nationwide are not now threatened) may be considered as "in the ordinary course of Debtor's business," not requiring the consent of the mortgagee pursuant to 11 U.S.C. § 363(b). The question of adequate protection is premature.

Confining the court's attention, therefore, to the question of business judgment, it is concluded Schear has sustained the burden of proof. See H.Rept. No. 95–595, U.S.Code Cong. & Admin.News 1978, p. 5787, ¶¶ 181, 182, 345, Bkr-L Ed. Legislative History §§ 82:611 and 82:16.

The facts demonstrate an application and function of the Bankruptcy Code provisions establishing fixed guidelines for the operation of a business under Chapter 11 and removing the necessity of case-by-case decisions by the Bankruptcy Court as to the uses of property of the debtor. Business judgments which do not erode the legal rights and protection of mortgagee as protected by Constitutional principals are, under the Code, administrative in nature and not justiciable, under the Provisions of 11 U.S.C. § 1108.

ORDERED, ADJUDGED AND DECREED that the objections raised as to the lease by Debtor in Possession of Store 22 in Skyway Shopping Center to Eavey Markets, Inc. is not justiciable because it is a business judgment which does not derogate from the lien interest and security of Nationwide Life Insurance Company, mortgage.