**KAY GROSE RENTALS and John Grose, Plaintiffs,**

v.

**Robert Edward JOHNSON, Defendants.**

**In the Matter of Robert Edward JOHNSON, Debtor.**

**Bankruptcy No. 3–82–01520.
Adv. No. 3–82–0437.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 19, 1983.

---

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

In the instant case and adversarial complaint filed 13 July 1982 Plaintiff seeks a determination of the nondischargeability of a debt in the amount of $2,830.00, plus interest and court costs, on a judgment sounding in fraud obtained in the Common Pleas Court of Clark County, Ohio (Judgment Docket 31, Page 23–B). The matter was placed at issue on an Amended Complaint filed 1 November 1982 and Answer filed thereto on 26 November 1982 by leave of Court and pretrial order entered 4 October 1982. The trial set for 7 January 1983 was continued until further order upon request of the parties on 4 January 1983 for resolution of jurisdictional issues resulting from the expiration on December 24, 1982, of the Supreme Court stay of the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* (1982), —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 6 C.B.C. 785, 9 B.C.D. 67, (hereinafter "Northern Pipeline"). The attorneys estimate a trial of at least one-half day and attendant expenses to their clients.

As the instant litigation involves the interpretation and enforcement of a state court judgment sounding in fraud, is the state court the only court with jurisdiction to litigate its enforceability in light of *Northern Pipeline* and this Court's *ratio decidendi In the Matter of The Schear Realty & Investment Co. Inc.,* (Bkrtcy.1982) 25 B.R. 461? The issue is well taken from the literal conclusion in *Schear* "that neither the Bankruptcy Courts nor the District Courts are vested with jurisdiction over the litigation of state law causes of action involving nondebtors in a bankruptcy court. . . ."

Such a conclusion must be distinguished on the facts now *sub judice.*

Since neither the district courts nor the bankruptcy courts derive jurisdiction under 28 U.S.C. § 1471, as unconstitutional, it becomes necessary to look to other jurisdictional powers as conferred by the Congress.

A discharge in bankruptcy and the issuance or denial thereof stems (since the Code) from 11 U.S.C. § 727.

■ The question of dischargeability is certainly a "federal question." As stated by Chief Justice Marshall in *Cohens v. Virginia* (1821), 19 U.S. 264, at 376 and 393, 5 L.Ed. 257:

"... The second section of the third article of the constitution defines the extent of the judicial power of the United States. Jurisdiction is given to the courts of the Union in two classes of cases. In the first, their jurisdiction depends on the character of the cause, whoever may be the parties.... In the second class, the jurisdiction depends entirely on the character of the parties.... If these be the parties, it is entirely unimportant what may be the subject of controversy. Be it what it may, these parties have a constitutional right to come into the courts of the Union."

Elaborating further, Marshall said:

"In one description of cases, the jurisdiction of the court is founded entirely on the character of the parties; and the nature of the controversy is not contemplated by the constitution—the character of the parties is everything, the nature of the case nothing. In the other description of cases, the jurisdiction is founded entirely on the character of the case, and the parties are not contemplated by the constitution—in these, the nature of the case is everything, the character of the parties nothing...."

The district courts, therefore, obviously have original statutory jurisdiction as a civil action "arising under the Constitution, laws or treaties of the United States." See 28 U.S.C. § 1331.

As the bankruptcy judges have been legally appointed and reappointed to serve during the transition period of the Bankruptcy Code, there must be some jurisdictional grant other than that denied from 28 U.S.C. § 1471.

## II

As previously determined in the *Schear* case, however, the district courts do not have jurisdiction or legislated authority to confer jurisdiction under Title 11 on the bankruptcy courts under the unconstitutional section 28 U.S.C. § 1471. The independent bankruptcy courts are not even "adjunct" courts of the district courts under the other jurisdictional grants to the district courts, such as diversity and federal question cases.

Under the facts *instanter,* nevertheless, the bankruptcy courts can function as "Article I" courts because of their own jurisdiction derived historically from other sources than the unconstitutional Section 1471. Quoting from *Matter of Sneed* (Bkrtcy. 1981) 13 B.R. 151, at 153, this Court has previously addressed the exclusive jurisdiction of the bankruptcy courts in dischargeability matters, as follows:

"The judgment of the state court is entitled to the full faith and credit conferred by the United States Constitution and by statutory implementation, authenticated records and judicial proceedings shall have full faith and credit in any court of the United States. *U.S. Const. Art. 4,* § 1; 28 U.S.C. § 1738. Once a court record has been judicially noticed, the issue then is whether or not the evidence then before the Bankruptcy Court is sufficient to find a violation of the federal law applicable, (herein 11 U.S.C. § 523(a)(2)(A).

We know from the teaching of the United States Supreme Court that the Congress for valid reasons made it clear that the bankruptcy courts are the proper forum for litigation of issues of dischargeability of certain claims, which was taken "away from state courts that seldom dealt with the federal bankruptcy laws and to give those claims to the bankruptcy court so that it could develop expertise in handling them. By the express terms of the constitution, bankruptcy law is federal law. U.S. Const., Art I, § 8, Cl. 4, and the Senate Report accompanying the amendment described the bankruptcy court's jurisdiction over these § 17 claims as 'exclusive' S.Rep. No. 91–1173, p. 2 (1970). While Congress did not expressly confront the problem created by prebankruptcy state-court adjudications, it would

be inconsistent with the philosophy of the 1970 amendments to adopt a policy of *res judicata* which takes these § 17 questions away from bankruptcy courts and forces them back into state courts... Refusing to apply *res judicata* here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the bankruptcy court would resolve. 'That Court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits.' *Brown v. Felson* (1979) 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767, 20 C.B.C. 278, 1 C.B.C.2d 34, CCH Bankr.L.Rep. ¶ 67122, 5 BC.D. 226 at pages 230–331. (emphasis added)"

▪ It is a question of fact whether or not the doctrine of collateral estoppel applies to the state court judgment. See *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981) and *Pitner v. Smith,* 696 F.2d 447 (6th Cir. 1982).

The Supreme Court Rules of Bankruptcy Procedure as prescribed and promulgated on April 24, 1973, effective October 1, 1973 (411 U.S. 991, 1105–1141) and amended March 18, 1974, effective July 1, 1974 (415 U.S. 1054–1055), and April 26, 1976, effective August 1, 1976, are still in effect.

These Rules as promulgated pursuant to 28 U.S.C. § 2075 superseded provisions of the Bankruptcy Act and other laws in conflict to the extent they did "not abridge, enlarge or modify any substantive right," pursuant to the enabling provisions of Chapter 131 of the Judicial Code as then operative.

Under the provisions of § 405(d) of the Bankruptcy Reform Act of 1978, these rules in effect September 30, 1979, (to the extent not inconsistent with the Code), are applicable until repealed or superseded by new rules. As mentioned in the *Schear Realty*

case only a limited, select number of these Rules were superseded by the Code.

Both provisionally and eventually, effective April 1, 1984, "There shall be in each judicial district, as an adjunct to the district court for such district a bankruptcy court which shall be a court of record known as the United States Bankruptcy Court for the district." 28 U.S.C. § 151(a).

"Except as otherwise provided by law, or rule or order of court, the judicial power of a bankruptcy court with respect to any action, suit or proceeding may be exercised by a single bankruptcy judge...." 28 U.S.C. § 151(c), and see Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, §§ 404, 405, conferring jurisdiction on existing bankruptcy judges during the transition period, October 1, 1979 to April 1, 1984.

Hence, it can be concluded that: (1) the Supreme Court would not promulgate unconstitutional rules of procedure; (2) the bankruptcy judges as "Article I Judges" still have at least obvious jurisdiction over voluntary debtors and the bankruptcy estate in their possession, even assuming that the provisions of 28 U.S.C. § 1471(e) fail under the decision of the Supreme Court in *Northern Pipeline,* along with the remainder of § 1471 declared unconstitutional; (3) that although the Bankruptcy Act was repealed by Pub.L. 95–598, 92 Stat. 2683, §§ 401–403, the procedural Bankruptcy Rules which superseded the Act have not been affected and are applicable under the Code. See Rules of Bankruptcy Procedure Part VII Adversary Proceedings.

▪ It should be emphasized that throughout the Bankruptcy Code, "the court" is directed with or without notice and hearing to implement the provisions. See, for example, those pertaining to granting discharges, relief from the automatic stay, etc. 11 U.S.C. §§ 362, 524(d) and 727. At least, prior to April 1, 1984, the court as such is not unconstitutional—only the powers conferred by 28 U.S.C. § 1471.

▪ Rule 701, therefore, must be implemented by this Court in all respects. Inas-

much as the monetary damages imposed by the state court judgment are *res judicata* and the state court has plenary jurisdiction to enforce its own judgment in the event the debt is determined to be nondischargeable under the Bankruptcy Code, the question of dischargeability now at issue should proceed to trial forthwith and disposition herein.